# Coosa Manufacturing Co. v. Williams.

*Action by Employe against Employer to recover Damages for Personal Injuries.*

1. *Action by employe against employer; contributory negligence.* In an action by an employe against a cotton mill company to recover damages for personal injuries alleged to have been sustained by reason of the negligence of the superintendent of such cotton mill in directing the plaintiff to put a belt upon a pulley which, at the time, was in motion, and making three or four hundred revolutions per minute, where the evidence shows plaintiff was an experienced mill man, had worked for a long time in the mill in which his injuries were received, and in the capacity of foreman of the section of the mill in which he was hurt, and he knew all about putting belting upon pulleys in motion, the fact that the plaintiff obeyed the orders of the superintendent in attempting to put the belt upon the pulley while in motion, if there was danger in making such attempt, showed such want of care and prudence on the plaintiff's part—such negligence contributing to his own injury—as to constitute a full defense against the alleged negligence of the superintendent in giving the direction.

[Coosa Manufacturing Co. v. Williams.]

2.  *Same; sufficiency of evidence showing negligence.*—In an action
    against a cotton mill company to recover damages for personal
    injuries sustained by the plaintiff while he was attempting
    to put a belt upon a pulley which was in motion and making
    between three and four hundred revolutions a minute, one of
    the counts of the complaint charged that the superintendent
    of the defendant's mill negligently ordered another employe to
    raise the belt with a pole while the plaintiff was engaged in
    putting in on the pulley, and that in carrying out such order
    the other employe raised the belt in such manner as to cause
    it to lap and double around the revolving shaft, on which was
    the pulley, and as a result of the lapping and doubling of the
    belt, the plaintiff's arm was caught therein and inflicted the
    injury complained of.  The evidence showed that the superin-
    tendent had directed the other employe to raise the belt with
    a pole, but there was a total lack of evidence to show that the
    lapping and doubling of the belt was a necessary or a probable
    result of lifting the belt with a pole, or that such result could
    have been within the reasonable apprehension of an ordinarily
    careful superintendent.  *Held*:  That such evidence was not
    sufficient to support the charge that the superintendent was
    guilty of negligence in giving the order to the other em-
    ploye to raise the belt, and that, therefore, the plaintiff was
    not entitled to recover upon such count.

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. JOHN PELHAM.

This was an action brought by the appellee, Lon Wil-
liams, against the appellant, the Coosa Manufacturing
Company, to recover damages for personal injuries.

The complaint contained nine counts.  The court sus-
tained the defendant's demurrer to the first, second,
third, fourth, fifth and eighth counts of the complaint,
and the record recites that issue was joined on the pleas
filed to the sixth, seventh and ninth counts.  The
seventh count was in words and figures as follows:
"7th.  The plaintiff claims of the defendant the further
sum of twenty-five thousand dollars damages, for that
whereas, to-wit, on the night of the 11th of December,
1900, while defendant was engaged in operating its
cotton mill at Piedmont, in Calhoun county, Alabama,
manufacturing cotton, the machinery in said cotton
mill was driven and propelled by an engine, shafting,
pulley and belts.  Said shafting and pulley were situ-

ated several feet above the floor and machinery in said cotton mill, and the only means or way to reach said shafts and pulley to put belts on said pulleys was by the use of a ladder with one end resting on the floor of said cotton mill and the other end leaning against the revolving shaft. At the time that plaintiff received the injury hereinafter complained of it became necessary for a belt to be put on one of the pulleys on the revolving shaft, against which the upper end of the ladder leaned, which shaft was running from 300 to 400 revolutions per minute, and plaintiff at the time he received the injury was in the employ of the defendant in the twisting and spooling department in said cotton mill, and a part of plaintiff's duties as such employe was to put the belts on these pulleys when necessary, and while running from 300 to 400 revolutions per minute at the time when said belt had to be put on; and while the plaintiff was engaged in his employment in defendant's said cotton mill and it became necessary for one of the pulleys to have the belt put on it, plaintiff ascended said ladder to the shaft, against which said ladder was leaning, which was the only way of reaching the said shaft and pulleys provided by defendant for the purpose of putting on belts on said pulleys, and it was necessary at the time of the injury to plaintiff to put a belt on said pulley and was a part of plaintiff's duty under his employment to put on said belt; that on reaching the shaft and pulley to be belted at the upper end of said ladder, plaintiff took hold of a pipe with his left hand to steady and support himself, and with his right hand raised said belt to put it on said pulley, there being no way or means provided for standing while putting on said belt except a round or step of said ladder, and while plaintiff was so situated in said position, defendant's superintendent, J. H. Barlow, being present directed one Howard Busby, an employe in defendant's said cotton mill, whose duty it was to obey said superintendent J. H. Barlow, who was present standing on the floor, to raise the belt with a pole, which belt plaintiff was putting on, the said Howard Busby obeyed said superintendent, J. H. Barlow,

and jabbed the pole he had in his hand up against said belt, which caused said belt to lap and double around said revolving shaft carrying plaintiff's right hand and arm with the belt around said shaft, breaking plaintiff's right arm in four places and cruching the bone in his arm, and breaking his right hand also, which caused great and permanent injury to plaintiff. Plaintiff avers that by reason of defendant's superintendent J. H. Barlow's gross negligence in giving to said Howard Busby directions to raise said belt with the end of the pole he had in his hand, while plaintiff was putting on the belt, and the said Busby obeying said superintendent's directions, which was his duty to do, and did obey said superintendent J. H. Barlow, by raising said belt with said pole which caused said belt to lap and catch plaintiff's right hand and arm and carry it around the shaft breaking and crushing plaintiff's right hand and arm and caused plaintiff's said injuries, to the damage of plaintiff in the sum of twenty-five thousand dollars, as aforesaid, hence this suit."

The ninth count, after the prefatory averments as to the operation by the defendant of a cotton mill and the employment therein of the plaintiff, and the injury sustained by the plaintiff in trying to put a belt upon a pulley, as substantially averred in the seventh count, then continued as follows: "Plaintiff avers that by reason of the gross negligence of J. H. Barlow, who was intrusted with the superintendence of defendant's said cotton mill, in directing plaintiff to put said belt on said pulley at a time when said shaft and pulley was revolving from 300 to 400 revolutios per minute, and said cotton mill was in operation, without stopping said shaft and pulley while plaintiff was putting on said belt. Plaintiff avers that if the said J. H. Barlow had stopped said shaft and pulley while putting on said belt, he being then and there present, the injury would not have occurred. Plaintiff further avers that the said J. H. Barlow, superintendent as aforesaid, was superior to plaintiff, and to whose orders and directions plaintiff was bound to obey and did obey, and such injury resulted from his having obeyed said directions, and the

39c

failure of said J. H. Barlow to stop said shaft and pulley while plaintiff was putting on said belt, all of which gross negligence in the said J. H. Barlow caused said injuries to the damage of the plaintiff in the sum of twenty-five thousand dollars, hence this suit."

The sixth count was as follows: "The plaintiff claims of the defendant the further sum of two hundred dollars as special damages because by reason of the injuries received as set out in the seventh and ninth counts of the complaint hereinabove, he had to employ physicians to attend to his injuries and wounds, and had to become liable to his physicians for the sum of two hundred dollars for medical attention and treatment of his said wounds."

The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The first, second and third charges requested by the defendant, and to the refusal to give each of which the defendant separately excepted, were as follows: (1.) "If the jury believe the evidence, they must find for the defendant." (2.) "If the jury believe the evidence, they must find for the defendant under the ninth count of the complaint." (3.) "If the jury believe the evidence, they must find for the defendant under the seventh count of the complaint."

There were verdict and judgment for the plaintiff, assessing his damages at 2,000. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

J. F. MARTIN and J. J. WILLETT, for appellant.—The appellant insists that the evidence shows that the plaintiff's injuries were occasioned by an accident, and comes within the rule as laid down in *Erwin v. Evans*, 56 N. E. Rep. 725; *Wabash Paper Co. v. Webb*, 45 N. E. Rep. 474; *Central R. R. & B. Co. v. Letcher*, 69 Ala. 106; Cooley on Torts, § 674.

MATTHEWS & WHITESIDE, *contra.*

[Coosa Manufacturing Co. v. Williams.]

McCLELLAN, C. J.—The plaintiff was an experienced mill man. He had worked for a long time in the mill in which his injuries were received, and at the time of receiving them he was and had for months been the foreman of that section of the mill in which he was hurt. He knew all about belting pulleys in motion. If there was danger in attempting to belt the pulley he was engaged in belting at the time of his injury while it was in motion, he knew of that danger, its character and extent fully as well as Barlow, defendant's superintendent; and that danger, certainly to a man of his acknowledged experience and familiarity with the matter in hand and the environment, was an obvious danger. So that, on the assumption upon which we are now proceeding, the plaintiff was under no duty to subject himself to this danger at the command of Barlow, the superintendent, and his doing so was such want of due care and prudence—such negligence contributing to his own hurt—as to constitute a full defense against the alleged negligence of Barlow in directing him to belt the revolving pulley. On the other hand, if the belting of the revolving pulley was not a dangerous thing for Williams to undertake, it was not negligence in Barlow to direct him to do it; and plaintiff can take nothing on account of Barlow's said order. In any view of the case, therefore, the defendant was entitled to the affirmative charge on the ninth count of the complaint.

The seventh count, upon which with the ninth the trial was had, charges that Barlow negligently ordered Busby to raise the belt with a pole while plaintiff was engaged in and about putting it on the pulley, and that in carrying out this order Busby so raised the belt as to cause it to lap and double around the revolving shaft, on which was the pulley over which the belt was to be placed, and that this lapping and doubling of the belt around the shaft operated to catch plaintiff's arm and inflict the injury complained of. There is some evidence tending to show that Barlow directed Busby to raise the belt with the pole; but there is a total absence of evidence going to show the lapping and doubling of the belt around the shaft was a necessary, probable, or likely result of raising the belt by means of the pole as directed

by Barlow, or that the result should or could have been within the reasonable apprehension of an ordinarily careful and prudent man in Barlow's place; nor was there anything inherent in the act of so raising the belt to stamp it as a thing at all dangerous to the comprehension of a careful man. The belt had to be raised in order to get it over the pulley. For Busby to raise it with a pole would seem in all reason to lessen whatever danger there may have been in Williams' effort to get it on the pulley. It would seem, too, to all reasonable observation that it could be safely raised without lapping or doubling it on the shafting by placing the end of the pole on the under or inner side of it, and that such lapping or doubling would not ensue at all unless the pole were applied obviously improperly to the end in view to the outside of the belt, thereby shoving the two parts below the pulley against each other, and jamming and doubling the one side up under the other and between it and the shafting. We are, therefore, of the opinion that the evidence does not at all support the charge that Barlow was guilty of negligence in the order given to Busby to raise the belt with the pole; that the only negligence in the premises of which there was any evidence was that of Busby in the manner of attempting to execute a proper order, which negligence is not counted on, and for which defendant could not be held responsible to this plaintiff, and that the defendant was entitled to the affirmative charge on this seventh count also.

What is called the sixth count is no count at all, but a mere averment of special damage under counts seven and nine.

For the errors committed by the court in refusing charges 1, 2 and 3 requested by the defendant—affirmative charges with hypotheses on the complaint and on counts 7 and 9, respectively—the judgment must be reversed. The cause is remanded.

Reversed and remanded.