[Alabama Great Southern Railroad Co. v. Brooks, Admrx.]

# Alabama Great Southern Railroad Co. *v*. Brooks, Admrx.

| 135 | 401 |
| 144 | 154 |

### *Action against Employer for Damages for Death by Wrongful Act.*

1. *Employer and employe; pleading.*—In an action by the administrator of a deceased employe against the employer, counts in the complaint are sufficiently definite and certain in the averment of facts showing negligence, which show the fact of employment, and the nature of intestate's duties, the name of the negligent employe, and that he was in charge of a locomotive or car causing the injury, and that his negligence consisted in "negligently running a car which was attached to said engine down to and against another car near or by which plaintiff's intestate was standing in the discharge of his duties, thereby crushing and killing the intestate."

2. *Plea; sufficiency of; averment of facts.*—A plea is not bad because it does not state, in terms, that a danger incurred by plaintiff was obvious, if the facts stated show that it was obvious.

3. *Same; averment of obvious danger.*—In an action by the administrator of a deceased employe against his employer to recover damages for negligently causing his death, a plea averred that plaintiff's intestate "voluntarily and unnecessarily went in between two cars on defendant's track, when he knew or by reasonable diligence could have known that a car or cars were approaching the ones between which he went, and that they would probably collide, and that thereby he assumed the risk of being injured when the cars came together." *Held:* Such plea was demurrable for failure to show danger in making the coupling and that it was obvious.

4. *Same; contributory negligence; assumed risks; pleading.*—Said plea is not one of contributory negligence, and fails to answer the charge of negligence made in the complaint, as it merely sets up that intestate assumed a risk incident to his employment.

5. *Employer and employe; assumed risks.*—An employe, by entering upon the performance of his duties, whatever may be the

26

[Alabama Great Southern Railroad Co. v. Brooks, Admrx.]

danger incident thereto, does not assume a risk created by
his employer's negligence.

6. *Trial: scope of cross-examination.*—Where a witness has stated
on direct examination that he heard the conductor tell the
deceased to couple the air brakes, he may be asked on cross-
examination if he did not say to the conductor shortly after
the accident that deceased was not coupling the cars, but
was coupling the air as the conductor had ordered him to do,
as it tends to impeach or contradict the witness.

7. *Same; same.*—Where a witness had testified on direct examination
that he had not ordered deceased to go in between the cars at
the time he was hurt and that when he went in between them
he did so voluntarily, he may be asked on cross-examination,
for the purpose of discrediting or impeaching him, if the
deceased did not say to him shorty after he was injured that
he was not trying to make the coupling, but was trying to
attach the air, as he (witness) had ordered him to do, and
if he (witness) was not silent when that was said.

8. *Evidence as to duties of conductor.*—Where a conductor is
charged with negligence in causing the death of a brakeman,
it is proper to sustain an objection to a question asked such
conductor as a witness, seeking to show that it was his duty,
as soon as an accident happened, to telegraph at once the
number and initials of the cars where the accident happened;
as showing his duty only, without more, did not tend to prove
that he performed the duty.·

9. *General charge, when properly refused.*—The general charge is
properly refused where the evidence as to the material issues
is conflicting.

APPEAL from the City Court of Birmingham.

Tried before the Hon. CHAS. A. SENN.

This was an action brought by Nannie S. Brooks as
administratrix of B. F. Brooks, an employe of appel-
lant, to recover damages for the death of said B. F.
Brooks. The first count, after making the necessary
preliminary averments, alleged that Brooks, while en-
gaged in the discharge of his duties as a brakeman at
Epps, was caught between two cars on defendant's road
and crushed and killed, and then avers that his death
"was proximately caused by the negligence of Jesse
Clements, who was also in the employment of said de-
fendant, and who, under his employment, had charge or

control of a locomotive engine on said railroad; that the negligence of said Clements consisted in this: That he negligently ran a car which was attached to said engine down to and against another car near or by which her said intestate was standing in the discharge of his duties, and thereby struck her said intestate, crushing and injuring him as aforesaid." The second count varies from the first only in this, that it avers that Clements "negligently operated or ran the locomotive engine which he had under his control while it was attached to one or more cars or train of cars so that said car or train of cars struck her intestate, inflicting the injuries as aforesaid." The third count adopts the averments of the first count down to the averment of the negligence, and then charges that Clements' negligence consisted in this: That he negligently ran an engine, with a car or cars attached thereto in the town of Epps in violation of an ordinance of that town, which is set out, prohibiting the running of trains at a greater rate of speed than six miles an hour, and that the death of Brooks was proximately caused thereby. The sixth count adopts the averments of the first count down to and including the averment that Brooks was crushed and killed, and then avers that his death was proximately caused by the negligence of one Samuel Parks, "who was also in the service or employment of defendant, and under his employment had charge or control of the car or train of cars on defendant's said railroad; that said Parks' negligence consisted in this: That he so "negligently operated or caused to be operated said car or train of cars that they ran down upon and against her said intestate, where he was standing in the discharge of his duties, inflicting the injuries as aforesaid." To the first, second and sixth counts, separately and severally, defendant demurred upon the following grounds: 1. Because said count is indefinite and uncertain in that it fails to allege or show of what the negligence of said Jesse Clements consisted. 2. For that said count is indefinite and uncertain in that it does not show this defendant in what respect the said Clements was negligent in running said

car; whether it was running too rapidly, or in what respect he was negligent in regard thereto. These demurrers were overruled, and defendant interposed the plea of the general issue and several pleas of contributory negligence.

The evidence showed that on February 15th, 1900, appellant ran from Tuscaloosa towards Meridian a local freight train, consisting of many cars. This train was manned by Parks, conductor; Clements, engineer; Webb, flagman, and Brooks, plaintiff's intestate, brakeman. The train reached Epps about 4 o'clock p. m. the same day. Epps is an incorporated town, and had an ordinance then in force prohibiting the running of trains at a greater rate of speed than six miles an hour. At Epps considerable switching was done and four or more freight cars were cut out of the train and placed upon what is known as the "passing track." After these cars were placed upon the passing track Brooks was ordered by the conductor, Parks, to couple the air between them, and the engine and other cars pulled out of the passing track on to the main track and went a considerable distance before re-entering the passing track. The estimates of the witnesses differed as to the length of time that elapsed between the placing of the cars on the passing track and the collision. There were other conflicts in the evidence, as shown by the opinion. The opinion sufficiently shows the objections and exceptions to evidence, as well as charges refused to defendant. There was verdict for the plaintiff for $7,000. Defendant filed a motion for a new trial upon the ground that the verdict was contrary to and unsupported by the evidence. This motion was overruled; and defendant appeals.

SMITH & WEATHERLY and JOHN LONDON, for appellant.—1. The first, second and sixth counts were insufficient in their averments, for want of definiteness and certainty.—L. & N. R. R. Co. v. Hall, 87 Ala. 708; Central of Ga. Ry. Co. v. Foshee, 125 Ala. 199.

2. The objections to the questions to Webb, Park, Shaw and Harkness should have been sustained. The evi-

dence called for was no part of the *res gestae* and simply a narration of a past transaction.—*A. G. S. R. R. Co. v. Hawk*, 72 Ala. 112; *R. & D. R. R. Co. v. Hammond*, 93 Ala. 181; *L. & N. R. R. Co. v. Pearson*, 97 Ala. 211; 1 Greenleaf Ev., § 449.

3. The general charge for defendant should have been given under the first and second counts.—*L. & N. R. R. Co. v. Richardson*, 100 Ala. 232; *A. G. S. R. R. Co. v. Richie*, 111 Ala. 297; *Brown v. L. & N. R. R. Co.*, 111 Ala. 275; *R. & D. R. R. Co. v. Jones*, 92 Ala. 218.

LANE & WHITE, S. O. HARKNESS and W. K. SMITH, *contra*.

HARALSON, J.—The court gave the affirmative charge for defendant as to each of the counts except the first, second, third and sixth.

1. That the demurrers to these counts were properly overruled we need not discuss after our repeated decisions sustaining counts of a similar character.—*B. C. M. Co. v. Parker*, 134 Ala. 293; 32 So. Rep. 700; *Robinson M. Co. v. Tolbert*, 132 Ala. 462; 31 So. Rep. 519; *L. & N. R. R. Co. v. Jones*, 130 Ala. 456; *B. & L. Asso. v. Campbell*, 121 Ala. 50; *Southern Railway Co. v. Arnold*, 114 Ala. 183; and the other cases referred to in these decisions.

2. The fifth plea sets up, that plaintiff's intestate "voluntarily and unnecessarily went in between two cars on the track of defendant, when he knew, or by reasonable diligence could have known, that a car or cars were approaching the ones between which he went, and that they [would] probably collide, and that thereby he assumed the risk of being injured when the cars came together."

The demurrers to the plea were, (1) that it assumes that there was obvious danger for plaintiff's intestate to go between the cars; (2) that the plea does not show or aver that going in between the cars, was obviously dangerous; (3) because the averment that plaintiff's intestate assumed an obvious danger is merely the conclusion of the pleader, and (4) that the said plea does not

aver or show that plaintiff's intestate knew that the approaching cars were coming with force and would probably strike the cars between which plaintiff's intestate was, and that in striking said cars [they] would probably injure plaintiff's intestate.

The plea is not bad because, in terms, it did not state that the danger incurred by plaintiff's intestate was obvious, if the facts stated show that it was obvious. Facts set up to show danger, may be and are stronger to show it, than the mere statement of the conclusion of the pleader without facts, that it exists and is obvious.—*Ala. G. S. R. Co. v. Roach*, 110 Ala. 267.

We all know that a car may be propelled by an engine, to make a coupling with another one standing on the track ahead of it, at such a rate of speed as to show at a glance to any sensible person, that it would be dangerous to go in between the approaching car and the one standing, to couple them when they come together. There is not only danger in so doing, but it may be instantly apprehended. But it is equally a matter of common knowledge, that in such case, the moving car may be propelled so slowly and cautiously, as not to suggest the idea of danger attending its coupling with the standing car. They often come together without jar, or danger to one between them. The plea here, assumes that there was danger in making the coupling by intestate. The averment that deceased "knew or by reasonable diligence could have known that a car or cars were approaching the ones between which he went and that they would probably collide," falls short of an averment of any fact to show danger in making the coupling and that it was obvious, and on this account was subject to the demurrer to it.—Bailey on Master and Servant, 142; *L. & N. R. R. Co. v. Banks*, 104 Ala. 508; *Davis v. Railroad*, 107 Ala. 626; *S. R. Co. v. Arnold*, 114 Ala. 189; *A. G. S. R. Co. v. Roach*, supra. Furthermore, the plea is not one of contributory negligence. It sets up merely that the intestate assumed a risk incident to his employment and fails to answer the charge of negligence made in the complaint; for the law

is, that an employe by entering upon the performance of his duties, whatever may be the danger incident thereto, does not assume a risk created by the employer's negligence.

3. Webb, the flagman, on his cross by plaintiff was asked: "Did you not state in the presence of Mr. Park and to Mr. Park, and in the presence of the deceased and Mr. Harkness and Dr. Reed and Dr. Shaw, at the drug store, while Mr. Brooks was there, after he was injured that night,—did you not state to the conductor in substance this,—'No, he was not coupling the cars; I had already coupled them, but he was coupling the air as you had directed or ordered him to do?'" This was objected to "on the ground that the declaration of an agent subsequent to the happening of the accident was incompetent, which objection the court overruled, stating that it was not competent as to that, but that it tended to contradict the statement of the witness, and that it was admitted solely for the purpose of impeaching the witness."

The witness had just stated, in his direct examination, that the conductor, who was Mr. Park, had instructed deceased to couple the air brakes, after they left there; "that he heard the conductor tell deceased that, right there somewhere near the caboose, 3, 4 or 5 minutes before the accident." The question propounded was competent for the purposes to which it was limited by the court.

4. The plaintiff asked the conductor, on his cross-examination: "Didn't he [the deceased] say to you [on the occasion and at the place referred to in the foregoing exception], that he was not trying to make the coupling, but was trying to attach the air, which you had ordered him to do, at the time he was hurt, and were not you silent when that was said?" The witness had stated in his direct examination, that he had not ordered him to go in between the cars at the time he was hurt, and that when he went in between them, he went voluntarily. The question was not subject to objection. It was competent to discredit the witness by showing contradictory statements, and his silence, when the deceased said to him what the question assumed he

did say, tended to show he admitted what deceased charged him with. The same thing applies to similar questions propounded to Dr. Shaw and to W. B. Harkness, as to the silence of Park on that occasion when told by deceased that he had ordered him to go in between the cars.

Objection to the question to the conductor, Park, the basis of assignment of error 14, was properly sustained. The question sought to show by the witness, that it was one of his duties, as soon as an accident happens to telegraph at once the number and initials of the cars, where the accident occurred. Showing this to be one of his duties, without more, did not prove or tend to prove, if that were important, that he performed that duty.

5. The only refused charges assigned as error are the ones numbered 1, 2, 3, 4 and 7, the first being the general charge for defendant, and the others, like charges, on the 1st, 2d, 3d and 6th counts of the complaint.

The evidence was in conflict on all the material questions in the case, such as whether the deceased went between the cars voluntarily, or by the instructions of the conductor, Park, the rate of speed at which the cars were being shoved back by the engine which collided with those the deceased went between, and whether the engineer, Clements, was guilty of negligence or not, and these questions were properly left for the determination of the jury. Neither of said charges could properly have been given.

The motion for a new trial fails to impress us that the court erred in overruling it.

Affirmed.