# Briggs *v.* Tennessee C. I. & R. R. Co.

## *Injury to Servant.*

(Nov. 18, 1909.—50 South. 1025.)

1. *Master and Servants; Injuries to Servant; Assumption of Risk.* —In an action by a servant for injuries, a plea asserting that after discovery of danger, plaintiff remained in the service, etc., means necessarily that he remained voluntarily, and was not forced to so remain; and hence, the plea was not demurrable for failing to state that plaintiff voluntarily remained in the service.

2. *Same.*—An employe who, with full knowledge and appreciation of the danger, enters on a perilous undertaking, assumes the risk, notwithstanding he may have been ordered so to do by one having superintendence and to whose orders he is bound to conform and did conform.

3. *Same; Contributory Negligence.*—In an action for injuries to a servant, a plea alleging that plaintiff was himself guilty of negligence which proximately contributed to cause the injury in negligently failing to exercise the proper care to keep from falling from a trestle, is defective for not alleging facts showing the contributory negligence; it alleges a mere conclusion of the pleader.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by Millage Briggs against the Tennessee Coal, Iron & Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The damages are alleged to have been caused by slipping through a trestle, and the negligence is alleged to be a defect in the ways, works, etc. The second count alleges the injuries to have been caused by a negligent order, to which plaintiff was bound to conform, and to which he did conform. Plea 2 is as follows: Plaintiff knew of the defect or negligence complained of, and of the danger arising therefrom, and with such knowledge remained in the service of the defendant after the expiration of a reasonable time for remedying same, whereby he assumed the risk." Plea 3: "To the first

[Briggs v. Tennessee C. I. & R. R. Co.]

and second counts separately and severally: Plaintiff was himself guilty of negligence, which proximately contributed to cause the injuries complained of, in negligently failing to exercise proper care to keep from falling from said trestle." Plea 4: "Defendant says plaintiff was injured by falling or slipping on one of defendant's trestle where he had been sent to work, and defendant states that plaintiff was ordered to go on said trestle and do said work, and did so in daylight, and that the danger of him slipping or falling while there was an obvious danger, known to plaintiff, and that he was injured as a result of said danger, while voluntarily and with knowledge of it undertaking said work"

DENSON & DENSON, for appellant.—No brief came to the reporter.

PERCY, BENNERS & BURR, for appellee.—The court did not err in sustaining demurrers to plea 1.—*Bryant v. A. G. S.,* 46 South. 484. In entering upon a dangerous undertaking an employe with full knowledge and appreciation of the danger assumes the risk, although conforming to orders of a superior to whose orders he was bound to conform.—*Ala. C. C. & I. Co. v. Hammond,* 47 South. 248. The plea of contributory negligence was good.

SIMPSON, J.—This action was brought by the appellant against the appellee for damages resulting from an injury received by plaintiff as employe of defendant. There is no bill of exceptions; the appeal being on rulings of the court in regard to pleadings.

The first assignment of error is that the court erred in overruling the demurrer to plea 2, as an answer to count 1 of the complaint. The insistence of the appel-

lant is that said plea fails to state that the plaintiff "voluntarily" remained in the service, etc. This cause of action arose before the adoption of the present Code. We hold that the allegation that he remained in the service, etc., necessarily means that he remained voluntarily, and was not forced to so remain. There was no error in overruling the demurrer to said plea 2, and for the same reason there was no error in overruling the demurrer to said plea as an answer to the fourth count of the complaint.

Plea 3 alleges the mere conclusion of the pleader, and not any facts showing contributory negligence. Consequently the court erred in overruling the demurrer to said plea.—*Osborne, Adm'r, v. Ala. Steel & Wire Co.,* 135 Ala. 573, 575, 33 South. 687; *So. Ry. v. Guyton,* 122 Ala. 235, 239, 25 South. 34; *Johnson v. L. & N. R. R. Co.,* 104 Ala. 242, 244, 16 South. 75, 53 Am. St. Rep. 39.

The demurrer to plea 4 was properly overruled. While the general principal is asserted in several of our cases, that the employe "does not assume the risk incident to the negligence of the superintendent, or of a person to whose orders he was bound to conform," also that "an employe, by entering upon the performance of his duties, whatever may be the danger incident thereto, does not assume a risk created by the employer's negligence;" also that "he does not assume the risk incident to the negligence of any person in the service or employment of the master or employer who has superintendence intrusted to him, whilst in the exercise of such superintendence" ( *Woodward Iron Co. v. Andrews,* 114 Ala 257, 21 South. 440; *Ala. Great So. R. R. Co. v. Brooks, Adm'r,* 135 Ala. 407, 33 South. 181; *Ala. Steel Wire Co. v. Wrenn,* 136 Ala. 494, 34 South. 970), yet these expressions must be taken with the qualification that when

an employe, with full knowledge and appreciation of the danger, enters upon a perilous work, he assumes the risk, notwithstanding he may have been ordered so to do by one who has superintendence, and to whose orders he was bound to conform and did conform.—1 Labatt on Master & Servant, § 438, pp. 1234-1236; *Coosa Mfg. Co. v. Williams,* 133 Ala 606, 611, 32 South. 232.

The judgment of the court is reversed and the cause remanded.

Reversed and remanded.

DOWDELL, C. J. and McCLELLAN and MAYFIELD, JJ., concur.


