# Louisville & Nashville Railroad Co. v. Sharp.

## Damages for Injury to Servant.

(Decided April 20, 1911. 55 South. 139.)

1. *Master and Servant; Injury to Servant; Complaint.*—A complaint alleging that the foreman in charge of the car on which plaintiff was riding wilfully and wantonly engaged his car in a race with the car following, and that the front car was run at an excessive rate of speed, and by reason of the willful and wanton negligence of the foreman in so engaging in such race, and in running the car at a great and excessive speed, plaintiff was caused to fall therefrom and was hurt, alleges at most, negligence only, and is not sufficient as an allegation of wanton or intentional misconduct.

2. *Same; Negligence; Contributory Negligence.*—The facts stated and examined and held to show that plaintiff was guilty of contributory negligence in operating the car at the speed alleged, and hence, could not recover because of the foreman's negligence in failing to warn.

3. *Evidence; Mental Anguish.*—In an action for injuries, a plaintiff is not entitled to testify that he suffered much mental anguish.

APPEAL from Wilcox Circuit Court.

Heard before Hon. B. M. MILLER.

Action by John T. Sharp against the Louisville & Nashville Railroad Company, for damages for injuries while engaged in its employment. Judgment for plaintiff and defendant appeals. Reversed and remanded.

E. N. & P. E. JONES, GEORGE W. JONES, and J. M. FOSTER, for appellant. The count attempting to charge wilfulness is at best a count in simple negligence only. —*B. R. L. & P. Co. v. Wright*, 153 Ala. 99. The court, therefore, erred in sustaining the demurrers to the pleas of contributory negligence on that ground. The court erred in sustaing demurrers to plea 13.—*T. C. I & R. R. Co. v. Herndon*, 100 Ala. 451. Counsel discuss the

[Louisville & Nashville Railroad Co. v. Sharp]

charges given and refused, but without citation of authority. They insist that the court was in error in permitting plaintiff to testify that he suffered much mental anguish.—*W. U. T. Co. v. Northcutt*, 158 Ala. 539.

MILLER, BONNER & MILLER, for appellee. Count C charged wantonness.—*B. R. L. & P. Co. v. Jaffe*, 154 Ala. 548; *G. P. Ry. Co. v. Lee*, 92 Ala. 262; *L. & N. v. Webb*, 97 Ala. 308. Since said count charged wilfulness, the court properly sustained demurrers to the pleas setting up contributory negligence and assumption of risk. —*T. C. I & R. R. Co. v. Bridges*, 144 Ala. 229. The court properly permitted the witness to testify that he suffered mental anguish.—*Williams v. Gallyon*, 107 Ala. 439. Counsel discuss assignments of error relative to charges but without citation of authority.

SAYRE, J.—In framing count C it was most likely the purpose of the pleader to state a case of intentional or wanton injury. The demurrer took the point that the count involved inconsistencies. It does fail to observe the distinction between intentional wrong and that wantonness which is the equivalent of intentional wrong, on one hand, and mere negligence or inadvertance, implying the absence of mental action in respect to the thing done, on the other. But nothing more need be said of the ruling on demurrer to the count, since that ruling is not assigned for error.

However, rulings of the court upon demurrers to pleas of contributory negligence again showed the court's opinion that this count contained a sufficient statement of intentional and wanton injury. In this there was error. Plaintiff was in the defendant's employment as one of a bridge crew, and was injured by falling from the hand car on which he was at the time riding. Another

car of the same description was following close behind. The substance of the charge made by the count is that one Murphy, who was foreman of the crew and in charge of the car "willfully and wantonly engaged the car on which plaintiff was riding and working in a race with said rear car, and said front car was run at a great and excessive rate of speed, and by reason of the wilful and wanton negligence of Steve Murphy in so engaging in said race and running said car at great and excessive speed the plaintiff was caused to fall therefrom, and was hurt." The count fails to charge either wilful or wanton wrong.  The plaintiff was at liberty to state in a very general way that Murphy willfully or wantonly caused his injury, and the means adopted in producing that result.  But that is not the effect of the form of allegation adopted.  To engage one car in a race with another, even though it be driven with great and excessive speed, does not necessarily involve an intention to injure.  Nor does the allegation of such fact, without more, necessarily involve the inference that the act charged was done with a present consciousness that it would, under conditions known to exist at the time, probably result in disaster. That plaintiff would fall from the car did not necessarily follow from its operation at a great and excessive rate of speed.  That one fact did follow upon the other does not necessarily indicate any mental action on the part of Murphy in respect to the relation of cause and effect between the two facts.  As for everything alleged in the count, plaintiff's fall never came within the field · of Murphy's mental vision, nor was it such a necessary consequence of what he is alleged to have done that he must for reasons of policy be held to have had it in contemplation.  In short, consistently with everything alleged, defendant's culpability, so far as its degree depends upon Murphy's mental status or action in respect

to plaintiff's injury, may be characterized as the result of inadvertence, mere negligence; and construing the count against the pleader, it must be held to charge negligence only.—*L. & N. R. R. Co. v. Orr,* 121 Ala. 489, 26 South. 35; *Martin v. Union Springs, etc., Ry. Co.,* 163 Ala. 215, 50 S'outh, 897, and authorities cited.

The complaint is found to contain two charges of negligence; One, that Murphy engaged, or permitted the car to engage, in a race; another, that he permitted the car to run at a great and excessive rate of speed. Of the first, we find no evidence in the record. In respect to the second, it is observed that there is no evidence tending to show that Murphy directed the speed at which the car was operated. He merely sat upon the car, saying nothing. Plaintiff took part, along with other members of the crew, in propelling the car. The charge, then against Murphy, means that he ought to have interfered to warn and command plaintiff and the others to drive the car more slowly. The dereliction here charged seems to resemble more nearly a default in superintendence than any other for which the employer's liability act provides a remedy. Plaintiff was of mature years and experienced in his work. As for anything appearing in the evidence, the danger of operating the car at the speed charged was as obvious to him as to the foreman. The duty of the foreman, as a representative of the defendant, did not require him to stand over the plaintiff at every turn to warn him of what he could as well see and know for himself. He may have properly left something to plaintiff's instinct of self-preservation, and to the exercise of those ordinary faculties which every one should use when his safety is known to be involved. An employee does not assume the risks incident to the negligence of a superintendent, or of a person to whose orders he is bound to conform, or of a person in charge or

control of locomotive, car, etc.; but he may be guilty of such contributory negligence as will bar his recorvery.— *Woodward Iron Co. v. Andrews,* 114 Ala. 243, 21 South. 440; *Briggs v. Tenn. Co.,* 163 Ala. 237. 50 South. 1025. From the evidence it appears without conflict that the plaintiff contributed his efforts to drive the car at what he claims was a negligent rate of speed, under conditions already mentioned and this he did without suggestion from the foreman as to the speed at which the car should be driven. If the foreman was guilty of negligence, so was the plaintiff.

There was error, also, in permitting the plaintiff to testify that he suffered much mental anguish. This court after due consideration, has recently decided this point. *Western Union v. Cleveland,* 169 Ala. 131, 53 South. 80. Judge MAYFIELD adheres to the view shown by his dissent in that case but concurs in the reversal on other grounds.

Reversed and remanded.

ANDERSON, MAYFIELD, and SOMERVILLE, JJ., concur.

*Damages for Injury to Servant.*

