[Louisville & Nashville R. R. Co. v. Handley.]

# Louisville & Nashville R. R. Co. v. Handley.

## *Injury to Servant.*

(Decided November 16, 1911. 56 South. 539.)

1. *Master and Servant; Assumption of Risk; Reliance on Employer's Knowledge.*—A carpenter who had not himself tested a roof under which he was working to see whether it was securely fastened, was not bound to act on his own suspicions that it was not so fastened, but could rely upon the assurance of his superintendent that it was safe.

2. *Same; Risks Assumed.*—Assumption of risk cannot be pleaded in an employee's action for personal injury based on subdivisions 2 and 3, section 3910, Code 1907, as the employee does not assume the risk from such cause.

3. *Same; Extraordinary Risk.*—An employee does not assume an extraordinary risk caused by the employer's negligence.

4. *Same; Instructions; Conformity to Issues.*—An oral charge asserting that an employee did not assume extraordinary risks caused by his employer's negligence, did not conflict with a special plea setting up that the danger of the roof falling was an obvious danger known to plaintiff, the action being for personal injuries caused by the falling of a roof of a building under which the employee was working.

5. *Same; Contributory Negligence.*—Where the action was by an employee for damages for personal injury caused by the falling of roof under which he was working, a charge asserting that if the jury believed that the plaintiff's superintendent was negligent in giving him instructions as to the doing of the work, and that plaintiff was negligent in carrying them out, the jury should find for the defendant, failed to predicate plaintiff's negligence as a proximate contributing cause of his injury, and was properly refused.

6. *Same; Instructions.*—If the superintendent's negligence was the proximate cause of the injury, as assumed in the charges, such charges did not ignore the special pleas of assumption of risk, and contributory negligence, for if the injury was occasioned by the negligence of the superintendent, the special pleas were negatived.

7. *Same.*—Where the action was by an employee for damages received by a roof falling upon him, under which he was at work, a charge asserting that the jury should look to the plaintiff's evidence in connection with all the other evidence, that the plaintiff thought it dangerous to remain under the roof while unfastening the last joist, in order to determine whether plaintiff acted prudently in removing the fastening while under the roof, gave undue prominence to a part of the evidence, and was properly refused.

38—174

[Louisville & Nashville R. R. Co. v. Handley.]

8: *Damages; Evidence.*—In an action for personal injuries by an injured employee, it was competent for him to show his age and what he was earning when injured.

(Simpson and Anderson, JJ., dissent in part.)

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by George W. Handley against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The substance of the complaint is sufficiently stated in the opinion. The special pleas are as follows:

"(2) For further answer defendant says plaintiff was injured, if injured at all, by the roof of a building falling upon him under which he was working by orders of the servant of the defendant, and that he had been sent to work there, and ordered to do said work, and did so in daylight, and that the danger of said roof falling was an obvious danger, known to plaintiff, and that he was injured, if injured at all, as a result of said danger, while voluntarily, and with knowledge of it, undertaking said work.

"(3) For further answer defendant says that plaintiff was guilty of negligence on his part, which proximately contributed to the injuries complained of, in this: That plaintiff was a carpenter in the employ of defendant, and engaged in removing a roof from a building; that all the joists holding the side of said building together had been removed, except one; that plaintiff with a bar or piece of iron got under said roof, and with said bar carelessly and negligently prized said joist loose from its fastening to the plate, and which fastening kept said roof in a safe and secure position; and plaintiff carelessly and negligently, whilst under said roof, removed and prized said joist from its fastenings, thereby allowing said roof to fall upon plaintiff, producing the in-

juries complained of, and at the time he prized said joist loose from its fastenings it was apparent to him that, when said fastenings were removed or released, said roof would fall from its position and come in contact with him in the position in which he was at the time.

"(4) Plaintiff was guilty of negligence, which proximately contributed to his injuries complained of, in this: That there was a safe and prudent way for the plaintiff to have removed or unfastened the joists from the rafters and the plate of the building, the removal of which caused said roof to fall, and in this way, to-wit, was for the plaintiff to have removed or prized said joist loose from the outside of said roof, which said way of removing same was apparent to plaintiff, but instead thereof he attempted to unfasten or remove said joist by going under said roof, and attempting with an iron bar to prize the joist loose from its fastenings. And defendant avers that this was a dangerous way to attempt to unfasten the said joist, by going under said roof, which was liable to spread and fall upon him when said joist was released, and the danger of said roof falling was apparent to plaintiff, and a danger such as a reasonably prudent man would not have ventured upon; but, notwithstanding such apparent danger, plaintiff voluntarily went under said roof and removed the fastening of said joist, which caused said roof to fall upon him, producing the injuries complained of. And defendant avers that the manner in which plaintiff attempted to remove said fastenings of said joist was in violation of the instructions of his foreman, McCord, whose instructions it was plaintiff's duty to obey, and who instructed plaintiff to cause said roof to fall by swinging one end of the outside joist around on the outside and from under the said roof, where plaintiff would have been in a place of safety; but he disobeyed

said instructions and was injured in consequence thereof."

The following exceptions were reserved to the oral charge of the court:

(1) "If you find from the evidence that McCord was the superintendent of the work, having under his superintendence the plaintiff and the work in which plaintiff was engaged, and further find that the plaintiff was bound to conform to the orders of said McCord, and in fact did conform to said orders, and that his injuries, if he was injured, resulted from his having so conformed, and that the said McCord was negligent in the orders and directions given to plaintiff with reference to work which he had to perform, and that this negligence was the proximate cause of the injuries produced, then, under that count, the plaintiff would be entitled to recover."

(2) "But does not assume extraordinary risks caused by his employer's negligence."

(3 "And provided such risks were not extraordinary, and caused by the negligent breach of duty of his employer."

The following charges were refused to the defendant:

(20) "You can look to the evidence of the plaintiff, in connection with all the other evidence in the case, that he thought it was dangerous to remain under the roof while unfastening the last joist, to determine whether he acted in a prudent and safe manner in removing said fastenings while under said roof."

(22) "If you believe from the evidence that both the plaintiff and defendant's superintendent, McCord, were guilty of negligence in giving instructions, and the plaintiff in carrying out said instructions, your verdict should be for the defendant."

Assignment 21 is in reference to refusal to give charge 25.

Asignments 1 and 2 have reference to the question to and answer of Handley. "Q. Mr. Handley, if the roof had been nailed good, would it have fallen? A. If it had been nailed, it wouldn't have fallen."

(3) and (4) Question and answer of same witness: "Q. Could Mr. McCord have ascertained that the roof was not nailed, or that the nails were broken, if he had investigated it? A. Yes, sir; he could have told it."

(7) and (8) Question and answer to same witness: "Q. If those rafters had been nailed together up there at the top, when that ceiling joist broke, would it have fallen in, had it been nailed good at the top? A. No, sir."

(9) "Do you think Mr. Handley will ever be able to do physical labor? A. It is speculative, and while there may be some little improvement later on, it will never go to the extent of permitting him to do any great amount of manual labor. It is possible that it will remain like it is now."

GEORGE H. PARKER, and JOHN C. EYSTER, for appellant. Under the evidence in this case, plaintiff was guilty of assumption of risk and contributory negligence.—*McAdory v. L. & N.*, 109 Ala. 640; *L. & N. v. Orr*, 91 Ala. 548; *Coosa Mfg. Co. v. Williams*, 133 Ala. 606; *Briggs v. T. C. I. & R. R. Co.*, 163 Ala. 239; *Southern C. O. Co. v. Walker*, 164 Ala. 164 Ala. 33. A witness cannot testify to conclusions but must state facts. —*Pollock v. Gantt*, 69 Ala. 378; *Hames v. Brownlee*, 63 Ala. 277. The oral charge of the court was improper.— *Briggs v. T. C. I. & R. R. Co., supra; Southern C. O. Co. v. Walker, supra.* Charge 22 should have been given. —*McAdory v. L. & N., supra.* On the authorities above cited the other charges should have been given.

[Louisville & Nashville R. R. Co. v. Handley.]

J. B. BROWN, for appellee. McCord having been intrusted with superintendence over the work and the men, it was negligence for him to create or allow such condition of things to exist as would render an accident probable through the means, even, of an intervening agency, which due care might have forseen.—*Sloss-Sheffield Steel Iron Co. v. Green,* 159 Ala. 182; *Tenn. C. I. R. R. Co. v. George,* 161 Ala. 422. When the superintendent directs what work is to be done, he must see to it that a proper method of work is chosen. He must not begin work without proper material and appliances. —1 Dresser Emp. Liability, page 290, § 63; *Crawley v. Cutting,* 165 Mass., 436; *O'Brien v. Look,* 171 Mass., 36; *Leslie v. Granite R. Co.,* 172 Mass., 468; *Connolly v. City of Waltham,* 156 Mass., 368; *L. & N. R. R. Co. v. Jones,* 130 Ala. 456. It is not the duty of the servant to have and exercise the ingenuity required to devise and make proper appliances. It may never have occurred to plaintiff that a 2 x 4 scantling was the proper appliance to remove the fastening of the ceiling joist.— *Going v. Ala. Steel & Iron Co.,* 141 Ala. 548-9. The position of the plaintiff was one of subordination and obedience to the master, and he had the right to rely upon the superior skill of McCord, who was a vice-principle, and was not entirely free to act upon his own suspicion of danger.—*Pioneer Mining Co. v. Smith,* 150 Ala. 359; *South. Ry. Co. v. Gayton,* 122 Ala. 233; *A. G. S. R. R. Co. v. Daves,* 119 Ala. 572; 1. Dresser Emp. Liability, P. 538, § 113; *Haas Balch,* (CCA) 56 Fed. 984. The servant does not assume any risk arising from the negligence of the *master,* and when the master owes any duty to the servant he cannot escape liability by delegating its performance to an agent.—*A. G. S. R. R. Co. v. Vail,* 142 Ala. 134; 1 Dresser Emp. Liability, p. 399; *Ford v. Fitchburg,* 110 Mass. 240; *Texas*

*P. Ry. v. Archibald,* 170 U. S. 665.   The office and pur-
pose of subdivision two and three, of the employer's
liability statute, Sect. 3910, of the Code, was to relieve
the servant from assuming any risk from the negligence
of a servant intrusted with superintendence, or with the
duty of giving orders to subordinates.—*Woodward Iron
Co. v. Andrews,* 114 Ala. 257; *L. & N. R. R. Co. v. Wynn,*
166 Ala. 414; *St. L. & S. F. R. R. Co. v. Brantley,* 54
South. 308.   The evidence shows that the plaintiff was
a carpenter of 18 years' experience and had had experi-
ence in pulling down old buildings.   He was testifying
to a thing he had seen and observed.   The ruling of the
court in admitting this evidence can be justified on either
of two theories:   (1) The witness was shown to be com-
petent as an expert.—*L. & N. R. R. Co. v. Sandlin,* 125
Ala. 591; *McNamara v. Logan,* 100 Ala. 187.   The wit-
ness was testifying to a collective fact within his per-
sonal knowledge.—*St. L. & S. F. R. R. Co. v. Brantly,* 54
South. 308.   The amount of wages plaintiff was receiv-
ing at the time of his injuries was relevant in determin-
ing the damage to which he was entitled.—*Western Ry.
of Ala. v. Wallace,* 54 South. 533; *City of Nebraska City
v. Campbel,* 67 U. S. 509; *City of Galesburg v. Hall,* 45
Ill. App. 290; *Kline v. City of K. C. S. J. & C. B. O. R.
R.,* 50 Iowa, 656; *Simpson v. Chicago R. I. & P. R. Co.,*
49 Iowa 87.

ANDERSON, J.—This is an action by the plaintiff,
an employee, for personal injuries sustained while en-
gaged in removing certain joists connected with a roof
of the defendant.   Counts 1 and 3 are framed under sub-
division 2 of section 3910 of the code of 1907, and charge
negligence on the part of one McCord, a person in the
service of the defendant, who had superintendence in-
trusted to him, whilst in the exercise of said superin-

tendence. Count 2 is framed under subdivision 3, and charges the injury as the result of the compliance with an order given by said McCord as superintendent, and to which said order it was the plaintiff's duty to conform. There was proof sufficient to carry all of said counts to the jury; hence the defendant was not entitled to the general charge as to all of said counts, or any one of them, upon the theory that there was no evidence in support of same. There was evidence from which the jury could infer that it was negligence on the part of McCord to have the joists removed in any manner before first having the decking removed from the rafters. See evidence of defendant's witness Klein, page 41 of the record. There was also evidence that the said McCord ordered the plaintiff to go under the shed and remove the remaining joist, and assured him that he could do so with safety.

This case was tried upon the general issue and special pleas 2, 3, and 4, pleas 3 and 4 being contributory negligence, and plea 2 being an assumption of risk; and it is insisted by appellant that it was entitled to the general charge, because said special pleas or some of them were proven beyond dispute. We cannot agree to the contention that said pleas were proven beyond dispute. The second plea, among other things, says: "And the danger of said roof falling upon him while under said roof was an obvious danger known to the plaintiff, etc. It was a question for the jury as to whether or not the danger of the roof's falling was known to the plaintiff. True, his evidence shows that he came out and expressed himself to McCord as fearing that the roof would fall if he pulled off the remaining joist; but it also shows that McCord assured him that the roof would not fall, "that it was nailed too good at the top." There was

also proof that it could not have fallen, if nailed well at the top, even after the joist was removed.

The plaintiff did not test the roof himself to see whether or not it was securely nailed at the top, and he was not compelled to act upon his mere suspicion of danger, but had the right to rely upon the superior skill and knowledge of his superintendent, McCord, who had assured him that the roof was safe and was securely nailed at the top.—*Pioneer Mining & Mfg. Co. v. Smith,* 150 Ala. 359, 43 South. 561, and cases there cited. It was also for the jury to determine whether or not the plaintiff carelessly and negligently prized the joist from its fastenings, under the circumstances as averred in the 3d plea. Nor did the undisputed evidence show that he went under the roof in violation of McCord's instructions, as averred in plea 4, as the plaintiff's evidence was to the effect that McCord ordered him to go under the roof, and that he was complying with, instead of disobeying instructions.

While we are treating the case upon the issues formed under the rulings of the trial court, we do not wish to be understood as sanctioning the propriety of plea 2, which is an assumption of risk, as a good answer to the negligence charged to the superintendent under subdivisions 2 and 3 of the employer's liability act. The action of the trial court in overruling the plaintiff's demurrers to said plea 2 finds support in the case of *Briggs v. Tenn. Coal & Iron Co.,* 163 Ala. 237, 50 South. 1025; but said case, in so far as it holds that plea 4, there considered, was good as an assumption of risk, as against the negligence of the superintendent, is not in harmony with our authorities. Nor is it supported by the authorities there cited and relied upon. The case of *Coosa Mfg. Co. v. Williams,* 133 Ala. 606, 32 South. 232, is not in point. It did not involve the doctrine of

assumption of risk, and the only thing discussed was the negligence vel non of the defendant's superintendent and contributory negligence of the plaintiff. Section 438, pp. 1234, 1235, 1 Labatt, cited in the opinion, was evidently discussing the rule generally, and has no application to negligent acts or defaults for which the statute declares the master liable. It is evident that the eminent writer was not there dealing with negligent orders for which the master is made liable under the statute, in his general discussion, under section 438 of his work; for we find him noting an exception in section 650 of his work, in dealing with the negligence of a statutory vice principal, for he says in subdivision "b" of section 650 (page 1901) : "The possibility that an employee for whose acts and defaults a master is declared by a statute to be liable may at some future time be guilty of negligence in the discharge of his duties is not one of the risks which is undertaken by a servant who is within the protection of the statute. A different doctrine would manifestly have the effect to render such a statute, ineffectual for the purpose for which it was framed"—citing and quoting in the note to said section our own case of *Woodward Iron Co. v. Andrews,* 114 Ala. 243, 21 South. 440.

It has been repeatedly held by this court that an assumption of risk is no defense to an action brought by an employee under the second, third, and fifth clauses of section 3910 of the Code of 1907. Says the court, speaking through McClellan, J., in the *Andrews Case, supra*: "To sustain it would be to emasculate the employer's liability act in respect of its second, third, and fifth clauses, and to rehabilitate the common-law doctrine of fellow servants as applicable to the cases provided for in those clauses, when the clear purpose of the act is to destroy the defense of assumption of risk by

[Louisville & Nashville R. R. Co. v. Handley.]

the injured employee in the several cases stated in the counts referred to. An employee in such cases may be guilty of such *contributory negligence* as will bar his recovery; but he does not assume the risks incident to the negligence of the superintendent, or of a person to whose orders he was bound to conform and did conform, or of a person in charge and control of a locomotive, engine, car, etc.—Reno's Employer's Liability Act, § 190." The case of *Briggs v. Tenn. Co., supra,* is not only opposed to the case of *Woodward v. Andrews, supra,* but is in conflict with *L. & N. R. R. Vo. v. Wynn,* 166 Ala. 414, 51 South. 976; *St. L. & S. F. R. R. Co. v. Brantley,* 168 Ala. 579, 53 South. 308; *Pratt Coal Co. v. Davidson,* 173 Ala. 667, 55 South. 886; *Postal Tel. Co. v. Hulsey,* 132 Ala. 444, 31 South. 527; *A. G. S. R. R. Co. v. Brooks,* 135 Ala. 401, 33 South. 181, *Mahoney v. Bay State Co.,* 184 Mass. 287, 68 N. E. 234, 2 Dresser's Assumption of Risk, pp. 199 and 200, and many cases there cited, and 3 Elliott on Railroads, § 1290. The case of *Tenn. Co. v. Briggs, supra,* is overruled, in so far as it holds that an assumption of risk is a good defense as against the negligence made actionable under subdivision 2, 3, and 5 of the employer's liability act. Each count in the case of *Southern Cotton Oil Co. v. Walker,* 164 Ala. 33, 51 South. 169, was framed under subdivision 1 of section 3910 of the Code, charging a defect in the ways and works, and the quotation from section 438 of Labatt may have been apt as to the case there considered; but said quotation must not be considered as approving or applying the doctrine to subdivisions 2, 3, and 5 of section 3910.

We cannot put the trial court in error as to the first exception to the oral charge, as it does not ignore the defendant's special pleas. It predicates the plaintiff's right to recover upon the hypothesis that he proved the

negligence averred and that said negligence was the proximate cause. If it was the proximate cause, then the special pleas were not proven, and the charge so framed cannot be said to have ignored the defendant's special defense.

The second and third exceptions to the oral charge were in direct conflict with the defendant's second plea, and virtually destroyed said plea as a defense. It is true the plea was insufficient; but the trial court, in ruling upon the demurrers thereto, adjudged it a good plea, and, after so holding, the charge should have conformed to the issues made by the pleading. Nor can we say that this was error without injury, because the plea was bad and the charge was correct. "Instructions must be pertinent to the issues formed between the parties." We cannot say what the issues would have been had the pleading been different, and if demurrers had been sustained to this defective plea the defendant might have amended same so as to present a meritorious defense, and, having had said plea approved by the trial court, it was entitled to the benefit of same in the charge of the court.—*Pratt Coal Co. v. Davidson,* 173 Ala. 667; 55 South. 886; *Moffatt v. Coaklin,* 35 Mo. 453. It is true the court gave a written charge for the defendant, instructing a verdict for the said defendant upon proof of the second plea; but this did not change the force and effect of the oral instruction, and left the jury in a state of confusion. Under the written charge, they were authorized to find for the defendant, notwithstanding it was guilty of negligence as charged in the complaint, if the second plea of assumption of risk was proved, yet the effect of the oral charge was to instruct them that the matter set up in said plea was no defense against an extraordinary danger or the negligence of the de-

fendant.—*Birmingham R. R. Co. v. Seaborn*, 168 Ala. 658, 53 South. 241.

There was no error in refusing charge 20, requested by the defendant. It gives undue prominence to, and singles out, a part of the evidence.

There was no error in refusing charge 22, requested by the defendant. It pretermits making the plaintiff's negligence a proximate contributing cause of the injury. He may have been guilty of some slight negligence as to the execution of McCord's orders, yet it may not have proximately contributed to his injury. The case of *McAdory v. L. & N. R. R. Co.,* 109 Ala. 640, 19 South. 905, does not sanction this charge. It was merely dealing with the plaintiff's right to recover if his negligence, jointly with the defendant's, contributed to the injury, while the charge in question does not even make the plaintiff's negligence contribute in any way to the injury.

Assignment 21 is not insisted upon. The brief merely restates the assignment of error, unaccompanied by any argument.

There is no merit in assignments 1, 2, 3, 4, 7, 8, and 9. All save two call for opinions of experts in and about matters peculiarly within their knowlodge as such.

So, too, did the plaintiff have the right to show his age, and what he was earning when injured.

Affirmed.

DOWDELL, C. J., and McCLELLAN, MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur in the opinion, except as to the holding that there was reversible error in the oral charge. They do not think the oral charge, as excepted to, was in conflict with the pleading, and think that it stated the law. The case is therefore affirmed.

I think the case should be reversed, for the reason set forth in the opinion, and dissent.

[Louisville & Nashville R. R. Co. v. Handley.]

SIMPSON, J.—(dissenting).—Mr. Labatt, in his work on Master and Servant (volume 1, p. 1234, § 438), after stating the general principle that the servant will ordinarily be justified in obeying the order of his superior to whose orders he is subject, and not held "necessarily chargeable with assumption of the risk incident to the work," states: "For practical purposes, however, this principle is not of much importance, as the ultimate question to be determined, in this as in all other classes of cases when the defense of assumption of the risk is put forward, is simply whether the servant had knowledge, actual or constructive, of that risk, and encountered it without being subjected to what the law regards as coercion. 'There is no doubt of the general rule that one who, knowing and appreciating the danger, enters upon a perilous work, even though he does so unwillingly and by order of his superior officer, must bear the risk.' No differentiating significance, therefore, can be ascribed to the fact that the injury was received as the result of obeying an order, where it appears that the servant was merely directed to do something which was a part of the regular work of the establishment in which he is employed, and that the risk to be encountered was fully comprehended by him." And on page 1236 he sums up thus: "The effect of the decisions as a whole may be said to be this: That the doctrine which declares that a servant, acting under the direct orders of the master, or a superior co-servant, does not assume the risk incident to the work, is not applicable, except where the service is a special one, and not even then where the danger is obvious to a person of ordinary prudence and intelligence. In other words, the master does not make himself an insurer of the servant's safety because the latter is requested to incur a

danger, provided that danger is one manifestly incident to the employment."

The employer's liability acts do not create any new rule of liability, except in so far as they declare certain employees vice principals, making the employer liable for orders given by them, just as he was before, if the same order has been given by the master or vice principal. In our case of *Woodward Iron Company v. Andrews,* 114 Ala. 243, 247, 21 South. 440, the only special pleas were contributory negligence; but the court does remark on the effect of the statute as to assumption of risks, yet even in those remarks the reference is evidently to the general assumption of risks, by reason of the original employment, and not to the assumption by entering into a particular work which he knows to be dangerous, and the remark (114 Ala. 257, 21 South. 443), that the employee "does not assume the risk incident to the negligence of a superintendent, or of a person to whose orders he was bound to conform and did conform," is clearly correct when so applied. The effect of it is simply that the employee, upon taking service, does not assume the risk of the future negligence of such person. This is clearly shown by the quotation in the opinion in this case from Labatt, to-wit: "The possibility that an employee for whose acts and defaults a master is declared by statute to be liable may *at some future time* (italics supplied) be guilty of negligence in the discharge of his duties is not one of the risks which is undertaken by a servant who is within the protection of the statute." When such person orders him to perform an obviously dangerous service, and he looks at it and fully understands the danger, he necessarily takes it upon himself to assume that particular danger.

In the case of *Alabama Great Southern Railroad Co.
v. Brooks,* 135 Ala. 401, 406, 33 South. 181, 182, the plea
was declared insufficient, because "it falls short of an
averment of any fact to show danger in making the
coupling and that it was obvious." In the case of *Alabama Steel & Wire Co. v. Wrenn,* 136 Ala. 477, 480, 494,
34 South. 970, there were several pleas of contributory
negligence but none of assumption of risks, and the
opinion in the concluding remarks merely quotes from
*Woodward v. Andrews, supra,* the general statement
above quoted and analyzed. In the case of *Coosa Manufacturing Co. v. Williams,* 133 Ala. 606, 32 South. 232,
the record does not show what pleas were interposed;
but McClellan, C. J., declares that, notwithstanding
the order of the superintendent, the plaintiff was under
no duty to subject himself to the unknown danger, and
that his doing so constituted a full defense to the action.
In the case of *Louisville & Nashville Railroad Co. v.
Wynn,* 166 Ala. 413, 51 South. 976, the plea (10) does
not allege that the danger was obvious, but simply that
the plaintiff was not at his place of duty and was a
volunteer; and the writer of the opinion merely followed the dictum in the case of *Woodward Iron Co. v.
Andrews, supra.* Whether the *Wynn Case* is correct or
not, it has no application to the present case. The opinion of the present writer is that it is erroneous.

The remark in *St. Louis & San Francisco Railroad
Co. v. Brantley,* 168 Ala. 579, 53 South. 308, is simply
a statement of the familiar principle that the employee
assumes the ordinary hazards of the employment, but
does not assume the negligence of the superintendent,
and that the charge in question did not postulate the
facts set out in plea B, which was "aptly pleaded to
counts 2 and 3." The case of *Pratt Consolidated Coal
Co. v. Davidson,* 173 Ala. 667, 55 South. 886, 888, refers

distinctly to the general assumption of risks "at the time of entering defendant's service or by afterwards remaining in that service." No such special plea is shown in that case as in this, and the case is not applicable to the matter under discussion. Dresser (volume 2, pp. 199, 200) refers merely to the general assumption of risk by an employee upon entering the service.

This court has frequently held that a defense of contributory negligence is good as against the second and third sections of the statute, and there can be no reason why the same rule should not apply to a plea setting up specially assumption of the risks in performing the particular service. I think, therefore, that the law is correctly stated in *Briggs v. Tennessee Coal, Iron & Railroad Co.*, 163 Ala. 237, 50 South. 1025.

