GALVESTON ROPE AND TWINE COMPANY v. MARY BURKETT.

No. 92.

1. **Good Petition, where Injury Caused by Incompetent Servant.** In a suit for damages resulting from the employment by the master of an incompetent servant, it is unnecessary for the petition to allege that the company knew, or by the use of ordinary care could have known. of the incompetency of the servant.

2. **Same—Averment as to Want of Knowledge of Unfitness by Plaintiff.**—In such case it is unnecessary for the plaintiff to aver that she had no knowledge of the unfitness of the fellow servant by reason of whose want of ..skill she was injured. The plaintiff is not required to anticipate and negative a charge of contributory negligence on her part, when the facts stated in the petition do not suggest that she may have been guilty of it.

3. **Charge Erroneous in Assuming Unfitness.**—While the uncontradicted evidence showed that the fellow servant when first employed was inexperienced and unskilled in the work to which she was put, and would have justified the jury in concluding that she remained so up to the time when plaintiff was hurt, they should have been left to determine whether she was incompetent at the time of the accident. and a charge that assumed that she was then incompetent was error.

4. **Knowledge of Fellow Servant's Incompetency—Charge.**—The jury should have been charged, that if plaintiff, with ordinary care, would have known of the incompetency of the coemploye, she could not recover.

5. **Opinion Evidence on Proper Handling of Machine — Opinion—Expert.**—The plaintiff showed that she was qualified to speak as an expert., and explained the manner in which the work should have been done; therefore, it was not error to permit her to testify that the machine was not properly handled by her coemploye.

APPEAL from Galveston.   Tried below before Hon. W. H. STEWART.

This was an action for damages, brought by appellee against appellant,

for the loss of the middle finger of the left hand, which was injured by being struck by the spindle, or flyer, of a balling machine, which was set in motion by a coemploye, who, appellee claims, was incompetent. Appellant was charged with negligence in employing the coservant.

*James B. & Charles J. Stubbs*, for appellant.—1. The court erred in overruling the first special exception to the petition, which exception is in these words: " It does not appear that defendant knew, or could with ordinary care have known, of the alleged incompetency of the fellow servant of plaintiff whose act caused the injury." Railway v. Hennessey, 75 Texas, 157; McMillan v. Railway, 20 Barb., 449; McK. on Fel. Serv., sec. 85; Railway v. Arispe, 81 Texas, 517.

2. The court should have sustained the second special exception, which questions the sufficiency of the petition, because it does not appear that plaintiff was ignorant of the alleged incompetency and want of experience of her said fellow servant. 7 Am. and Eng. Encycl. of Law, 856; Railway v. Daily, 110 Ind., 78; Railway v. Crowder, 63 Texas, 503.

3. The court erred in permitting the plaintiff to testify that Katie Malcolm did not operate the machine properly and skillfully. Shelley v. City of Austin, 74 Texas, 608.

4. The court erred in its charge in assuming that the fellow servant, Miss Malcolm, whose act caused the injury, was incompetent. Railway v. Davidson, 61 Texas, 205; Railway v. Nixon, 52 Texas, 26; Sayles' Civ. Stats., art. 1317, note 7.

*Lovejoy & Sampson*, for appellee.—It is not necessary as a matter of law to allege either that the plaintiff did not know of the incompetency, inexperience, and unskillfulness of his coservant, or that the defendant did know of the inexperience, unskillfulness, and incompetency of the servant, where the petition alleges that it failed to exercise due diligence or care originally in the selection of the servant, and that the damage was caused by the negligence of such incompetent coservant. Railway v. Hennessey, 75 Texas, 157; Railway v. Crowder, 63 Texas, 502; Railway v. Arispe, 81 Texas, 517; Cool. on Torts, 550; Gillman v. Railway, 13 Allen, 433; Lanning v. Railway, 49 N. Y., 521; Railway v. Jewell, 46 Ill., 99; Harper v. Railway, 47 Mo., 567; Moss v. Railway, 49 Mo., 167; Railway v. Ruby, 38 Ind., 294; Davis v. Railway, 20 Mich., 105; McMahon v. Davidson, 12 Minn., 357.

WILLIAMS, Associate Justice.—The first assignment of error is, that the court erred in overruling the exception to the petition, because of its omission to allege that appellant knew, or by the use of ordinary care could have known, of the incompetency of the servant from whose negligence it is alleged that appellee's injury resulted. The petition alleged,

that the act of employing a servant was done in a careless and negligent manner, and that in consequence thereof an incompetent servant was taken into appellant's service. This was not an abstract allegation that appellant was guilty of negligence, but a specification of the act complained of and charged to have been done in a negligent manner. This, we think, was sufficient. To have alleged that appellant knew, or could have known, of the incompetency of the employe, would have been only a further definition of the negligence charged against it, and would have been a repetition, in other language, of what was involved in the averments made.

The second special exception, of the overruling of which appellant complains in its second assignment of error, was based on the absence of an allegation that appellee, while working with the fellow servant, did not know of her unfitness. The question, whether or not one suing to recover damages resulting from the negligence of another must allege and prove the exercise of proper care on his own part, has been discussed in many of the decisions of the Supreme Court. The general rule has been settled in this State, that a plaintiff is not required to negative the assumption of contributory negligence on his own part, unless the facts stated in developing his case expose him to suspicion of its existence, in which event he must clear himself.

In Railway v. Cowser, 57 Texas, 293, this principle was applied in a suit for the death of a servant caused by the negligence of his employer. But in Railway v. Crowder, 63 Texas, 502, the rule applicable to such cases was stated to be, that when the servant sues the master for the negligence of the latter, the burden is upon the plaintiff to show that he was not guilty of negligence contributing to his injury, and authorities are cited sustaining that proposition.

In Murray v. Railway, 73 Texas, 2, the opinion in the Crowder case is limited to the peculiar facts of that case, which is treated as one of the exceptional instances in which the facts shown in developing the cause of the servant's death raised the question of contributory negligence and threw upon the plaintiff the burden of removing the suspicion attaching to his conduct. That decision is construed in the same way in Brown v. Sullivan, 71 Texas, 475.

In Railway v. Bennett, 76 Texas, 155, which was a suit to recover for the death of a servant caused by the negligence of the master, it is said: "We think it is now well settled, that unless the plaintiff's case discloses want of care on the part of the injured party, or exposes him to suspicion of negligence, and the defendant relies upon the defense of contributory negligence, it must be pleaded and proved. It is only when the averments of the petition show a prima facie case of negligence on the part of the injured party, that it becomes necessary that the plaintiff should negative by averment and proof the existence of such negligence."

It thus appears that the same rule applies in cases of servants suing as governs suits by other persons, and that in neither is the plaintiff required to anticipate and negative a charge of contributory negligence on his part, when the facts which he states do not suggest that he may have been guilty of it.

The same principle applies to the question before us. If the servant, in his petition, is not required to show that the injury of which he complains was not partly the result of his own negligence, he should not be required to allege that he had not assumed the risk resulting to him by negligence of the master. The law imposes upon the master the duty of using ordinary prudence in selecting servants, and makes him liable if one of his servants receives injury because of his negligence in the performance of such duty. The risks resulting from such negligence of the master are not impliedly assumed by the servant in the contract of hiring. When he shows that the master has violated the obligation resting upon him, by negligently employing to work with him an incompetent person, through whose incompetency he has been hurt, he makes a prima facie case. If he knows of the incompetency of his coemploye before he was hurt and continues to work with him, he thereby assumes the risk, and this would afford a defense which the master might allege and prove. But it should not be presumed that the servant knew of the incompetency of his fellow, and he should not therefore be required to allege that he did not know it. The exception was properly overruled.

We think the court erred in assuming in its charge, that the fellow servant of appellee was incompetent, and in refusing the special charge asked by appellant submitting that question to the jury. While the evidence is uncontradicted, that the fellow servant, when first employed, was inexperienced and unskilled in the work to which she was put, and would have justified the jury in concluding that she continued so up to the time when plaintiff was hurt, yet such was the character of the work that the jury should have been left to determine from all of the evidence whether or not she was incompetent at the time the accident happened, so as to make it negligent, under the circumstances, for appellant to allow her to do the work. The question of competency must depend largely upon the nature of the work provided for the servant to do, and upon the danger to be apprehended and avoided in performing it.

There was error also in refusing to charge, that if plaintiff with ordinary care would have known of the incompetency of the coemploye, she could not recover. This instruction was made proper by the evidence in the case, and the charge given did not contain it.

There was no error in allowing the plaintiff to testify that the machine was not handled properly and skillfully by Miss Malcolm when plaintiff was hurt. The witness showed that she was qualified to speak as an expert, and explained the manner in which the work should have been done.

There can be no question that the act in question was improperly done, and even if the opinion of the witness had been incompetent, no injury resulted. The other assignments are not well taken.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 23, 1893.