[Pennsylvania Coal Co. v. Bowen.]

# Pennsylvania Coal Co. *v.* Bowen.

*Action for Damages for Injury to Employe.*

(Decided April 15, 1909. 49 South. 305.)

1. *Master and Servant; Injury to Servant; Incompetent Fellow Servant.*—Before recovery can be had against the master for the employment of incompetent servants it must appear that the master knew of the incompetence of the servant, or by the exercise of reasonable diligence could have ascertained that fact, and a complaint seeking recovery on that account must allege that the master knew of the incompetency, or by the exercise of reasonable diligence could have known it, although it is not necessary that these exact words should be used.

2. *Same; Complaint.*—A complaint which alleges that it was the duty of the employer to employ as fellow servants men reasonably skilled in the duties which they were to perform, and that the employer violated this duty to plaintiff and negligently employed and placed him in the same room with him a third person who was not reasonably skilled in the duties he was to perform or who was incompetent, careless, etc., states a good cause of action against the demurrer interposed; and the further allegation thereof that as a proximate consequence plaintiff received the injuries complained of, sufficiently shows the connection between the incompetency of the third person and the injury to bring it within the rule that mere general averment was sufficient, without stating the quo modo or the acts constituting the negligence.

3. *Same; Evidence.*—Where the action was for injuries to a miner employed in a coal mine by a rock falling on him and the evidence showed that the plaintiff had the direction of the work, and it was not shown that he or anyone else suggested the necessity of propping the place before the injuries, or that the duty rested upon a fellow employe, the evidence failed to show a causal connection between the incompetency of the fellow servant and the injury.

4. *Same; Negligence; Evidence.*—A count seeking to recover damages for injuries to an employe in a coal mine caused by the falling of a rock and based on the employer's failure to furnish a safe place to work is not sustained by evidence of the failure of the employer to furnish the employe with timbers, where the employed had taken a contract to drive a heading at so much per yard, and no obligation is shown on the part of the employer to prop the place where the injury occurred.

5. *Same; Safe Place to Work; Evidence.*—The evidence in this case stated and examined and held not to show that the employer failed to furnish the employe a safe place in which to work.

6. *Same; Evidence.*—Where it was shown that a superintendent had superintence relative to work on the outside of the mines only, it was not competent, in an action for injury resulting to an employe

[Pennsylvania Coal Co. v. Bowen.]

from falling rock in the mine, to show that such superintendent was not familiar with the work inside the mine.

7. *Same.*—Evidence of work done in the mine by the fellow servant and a third person after the injury, was inadmissible, in the absence of a showing that the failure to prop the place before the accident had any causal connection with or was due to the fellow servants incompetence, the action being for injuries resulting from the incompetency of the fellow servant.

8. *Same; Incompetent Fellow Servant.*—The question being whether a servant was competent, it was not permissible to show whether, as shown by his work, he was a careful or careless miner.

9. *Evidence; Opinion Evidence.*—One not shown to be an expert is not competent to testify as to the proper way of driving a heading in a coal mine, or as to the manner in which the work had been done.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Action by Robert E. Bowen against the Pennsylvania Coal Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The complaint contained a number of counts. The third count is in the following language: "Plaintiff claims of defendant, the Pennsylvania Coal Company, a corporation, $2,000 as damages, for that on, to wit, the 14th day of August, 1905, plaintiff was an employe of the defendant, and was working in a coal mine in Walker county, Ala., and whilst in said employment certain rock or slate fell upon plaintiff and injured his back and the injuries to his back and body are permanent, and it also injured his legs and arms, and said injuries are permanent, and as a proximate consequence thereof plaintiff lost valuable time, and incurred large doctor's bills and bills for nurse hire, and suffered great pain, both physical and mental. And plaintiff alleges that it was the duty of defendant to employ as fellow servants of the plaintiff men who are reasonably skilled in and about the duties they were to perform, who were compentent, and who were careful; but the defendant violated its duty to plaintiff in this respect, and negli-

[Pennsylvania Coal Co. v. Bowen.]

gently employed and placed in the same room with plaintiff one Martin Sharrat, who was not reasonably skilled in the duties he was to perform, or who was incompetent or careless. And plaintiff alleges that, as a proximate result of said employment of the said Martin Sharrat as alleged, he received the injuries above set out; and hence this suit." The demurrers are sufficiently stated in the opinion. The following charges were refused to defendant: (1) "If the jury believe the evidence, it cannot find for the plaintiff under the third count." (3) "The court charges you that you cannot find for plaintiff under count 14 on account of the failure to furnish him timbers." (5) The general affirmative charge as to the fourteenth court.

BANKHEAD & BANKHEAD, for appellant. The demurrer to the 3rd count should have been sustained.—*1st Nat. Bank v. Kinlock*, 144 Ala. 308. The testimony showed that the plaintiff and another were independent contractors and had control of the means and agencies for doing the work.—*Harris v. McNamara*, 97 Ala. 181. It was their duty, therefore, to look after and make safe the roof at the place of work.—*Woodward I. Co. v. Cook*, 124 Ala. 349; *Pioneer Co. v. Thomas*, 133 Ala. 279. The defendant was entitled to the general charge for several reasons.—*Harris v. McNamara, supra*. Counsel discuss given and refused charges as well as exceptions to evidence, but without citation of authority.

LEITH & GUNN, for appellee. Count 3 was sufficient. —*A. G. S. v. Vail*, 142 Ala. 134. The relation of employer and employe existed between the parties.—*T. C. I. & R. R. Co. v. Hayes*, 97 Ala. 201; *Harris v. McNamara*, 97 Ala. 181. The case at bar is distinguishable from that of *Pioneer M. & M. Co. v. Thomas*, 133 Ala. 279.

[Pennsylvania Coal Co. v. Bowen.]

SIMPSON, J.—This is an action brought by the appellee against the appellant to recover damages for an injury received by the plaintiff while working in the coal mine of the defendant. The first assignment insisted on is to the action of the court in overruling the demurrer to the third count of the complaint. Said third count claims that the injury was received as the result of certain rocks or slate falling on the plaintiff. It is alleged that "it was the duty of the defendant to employ, as fellow servants of the plaintiff, men who were reasonably skilled in and about the duties they were to perform, who were compentent, and who were careful; but the defendant violated its duty to plaintiff in this respect, and negligently employed and placed in the same room with the plaintiff one Martin Sharrat, who was not reasonably skilled in the duties he was to perform, or who was incompetent and careless," and "as a proximate result of such employment of said Martin Sharrat, as alleged, he received the injuries above set out."

The law is that in order to recover against the master, on account of the employment of incompetent servants, it must be shown that the master knew of the incompetency of said servant, or by the exercise of reasonable diligence could have ascertained that fact.—1 Labatt, Master & Servant, pp. 418, 419, § 193a; Bailey's Master's Liability for Injuries to Servants, pp. 48-50; 26 Cyc. 1298, 1299; *First Nat. Bank v. Chandler,* 144 Ala. 286, 308, 39 South. 822, 113 Am. St. Rep. 39. It is also, laid down, as a general proposition, that the complaint must allege that the master knew of the incompetency, or by the exercise of reasonable care could have known; but it is not necessary that those exact words should be used. Under the general trend of our own and other decisions, we hold that the allegations in this

complaint, that the "defendant violated its duty in this respect and negligently employed," etc., are a sufficient compliance with this requirement.—25 Cyc. 1393, 1393; *Galveston Rope & Twine Co. v. Burkett,* 2 Tex. Civ. App. 308, 21 S. W. 958. While the case of *A. G. S. R. R. Co. v. Vail,* 142 Ala. 135, 38 South. 124, 110 Am. St. Rep. 23, is not strictly analogous, as the complaint there was for not furnishing a sufficient number of men to do the work, and the complaint did allege that the defendant negligently failed, etc., the point was not raised by demurrer. In the case of *T. C. I. & R. R. Co. v. Bridges,* 144 Ala. 229, 237, 38 South. 902, 113 Am. St. Rep. 35, we held a count bad because it did not show "that the master was guilty of negligence in the selection of a servant." The case of *Conrad v. Gray,* 109 Ala. 130, 19 South. 398, merely holds a count sufficient which alleged that the defendant employed the servant "with knowledge of his inexperience," etc. See, also, *Laughran v. Brewer,* 113 Ala. 509, 514, 515, 21 South. 415. The court did not err in overruling the demurrer on this ground.

Upon the other ground of demurrer, to the effect that the causal connection between the incompetency of said Sharrat and the injury is not shown: Under the very liberal (if not lax) rules laid down by this court, by which mere general averments, without stating the quo modo, or the acts constituting the negligence, are held sufficient; this count is not liable to that cause of demurrer either.

The court erred in refusing to give charge No. 1, requested by the defendant. No causal connection is shown between the incompetency of Sharrat (if that was proved) and the injury. The evidence shows that the plaintiff himself had direction of the work, and it is not shown that he or any one else suggested the necessity of propping the place before the injury, nor that any duty rested on Sharrat in regard to that matter.

The court erred in refusing to give charge No. 3, requested by the defendant. The fourteenth count claimed damage because of the defendant's failure to furnish a safe place to work. A failure to furnish timber would not answer the allegations of that count.

The evidence shows that the plaintiff and one Banks were employed, under contract, to do a certain work, to wit, to drive or run a heading in the air course at a stipulated price per yard; that for some reason, not shown, one Sharrat was temporarily substituted by defendant for Banks; that said parties furnished their own laborers to assist in the work. It is not shown that there was anything dangerous in the place assigned for them to work in. It is not shown that the defendant was under any obligation to prop the place where the work was done; but, on the contrary, the evidence is that plaintiff was to do that himself. The only intimation in the evidence is that if the place had been propped, at the stage of the work when the injury was received, the injury might have been avoided; but the plaintiff himself testifies that he is an experienced miner, that he examined the place and did not discover that the overhanging rock was loose, also that he did not think he needed any timber. It is not shown that he made any request for timber except that he ordered some timber (for what purpose not stated) about two hours before the injury, and continued to work without it. Consequently charge 5, also, should have been given.

The questions to the witness Banks, tending to show that the superintendent, Brown, was not familiar with the working inside the mines, should have been excluded, as Brown's superintendence was shown by the evidence to relate only to the work outside the mines.

The testimony of the witness Banks as to the proper way to drive a heading, and as to the manner in which

[Chamberlain v. Southern Ry. Co.]

this had been done, should have been excluded. In the first place, the witness was not shown to be an expert. In the next place, this testimony related to work done by Jetton and Sharrat, after the injury, and had no tendency to show whether the failure to prop the place before had any causal connection with, or was due to, Sharrat's incompetency.

The question to the witness Rodgers as to whether Sharrat was (as shown by his work) a careful or a careless minor should have been excluded. The question to be determined was whether he was competent.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.