# Wytheville.

WASHINGTON, ALEXANDRIA AND MT. VERNON RAILWAY CO. v. TAYLOR.

June 10, 1909.

Absent, Cardwell, J.

1. MASTER AND SERVANT—*Defective Appliance—Knowledge of Defects—Declaration—Sufficiency.*—Where a recovery is sought by a servant against his master for an injury inflicted by an appliance which is alleged to have been in a defective condition, it must be alleged and proved not only that the appliance was out of repair and that the defect was the proximate cause of the injury, but that the master knew, or ought, in the exercise of ordinary care, to have known, of its defective condition. A declaration in such a case which fails to make this allegation is bad on demurrer. Wherever every allegation of fact in a declaration may be true and yet the defendant not liable to the plaintiff for the cause of action stated, the declaration is bad.

Error to a judgment of the Circuit Court of Alexandria county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*James R. & H. B. Caton* and *Moore, Barbour & Keith,* for the plaintiff in error.

*Samuel P. Fisher* and *Jno. M. Johnson,* for the defendant in error.

Buchanan, J., delivered the opinion of the court.

The amended declaration upon which the case was tried is as follows:

"David H. Taylor, plaintiff, complains of the Washington, Alexandria and Mt. Vernon Railway Company, a corporation under the laws of the State of Virginia, who was summoned to answer the plaintiff of a plea of trespass on the case for this, to-wit, that heretofore, to-wit, on the 27th day of June, 1907, the said defendant was engaged in operating an electric railway within the State of Virginia and through the county of Alexandria, in which said county, the injury hereinafter complained of occurred; that said plaintiff, before and at the time of said injury, was employed by the said defendant as a track hand to work upon and keep in order the roadbed and track of the said defendant upon which its cars and trains were run, and thereupon it became the duty of the defendant to exercise reasonable care to protect the plaintiff from injury from its cars and trains while working upon its said roadbed, yet said defendant did not exercise reasonable care to protect the plaintiff from injury from its cars and trains while working on said roadbed, but carelessly and negligently failed so to do by not keeping in order, but allowing to become out of repair, a certain trolley pole on one of its cars, so that on the day and year aforesaid, in the county aforesaid, while the said plaintiff was working on the southbound or west track, when a certain train thereon approached, and the said plaintiff and his fellow-workman moved a safe distance to the side of the train to allow the said train to pass, and as the said train was passing them, the said trolley pole attached to the motor car of the same became unfastened or detached from the said car in some manner unknown to the plaintiff, and fell over the side of the said car, on which the said plaintiff was standing and struck the said plaintiff, knocking him down, and at the same time the rope from said trolley pole fastened to said motor car

became entangled about the body of the said plaintiff and dragged or jerked him under, or his right leg beneath the wheels of the rear car of the said train, and the rear car and the wheels thereof passed over the said leg, whereby the said plaintiff's said right leg was so greatly bruised, mashed, torn and mangled that it became and was necessary to amputate the said leg below the knee. Wherefore by reason of the injury to the said plaintiff he has sustained damages to the extent of $5,000, and therefore he brings his suit."

The defendant's demurrer to the declaration was overruled, and upon the trial there was a verdict and judgment in favor of the plaintiff.

The first error assigned is to the action of the court in overruling the demurrer to the declaration.

The principal objection made to the declaration is that it does not aver that the defendant knew or ought, in the exercise of ordinary care, to have known of the alleged defective condition of the trolley pole, the fall of which caused the plaintiff's injuries.

While it is the plain duty of the master to use ordinary care to provide reasonably safe, sound and suitable appliances and instrumentalities for the use of his servants, and to examine and inspect the same from time to time, and to use ordinary care to discover and repair defects, still unless he knows, or in the use of ordinary care ought to have known, that such machinery or appliances have become defective or unsafe, he is not liable for injuries resulting therefrom. *Va. & N. C. Wheel Co.* v. *Chalkley,* 98 Va. 62, 66, 34 S. E. 976, and authorities cited; *N. & W. R. Co.* v. *Jackson's Admr.,* 85 Va. 489, 8 S. E. 370 Va.; *Portland Cement Co.* v. *Luck,* 103 Va. 434-5, 49 S. E. 577.

As the only breach of duty assigned in the declaration on the part of the defendant was its negligence in permitting the trolley pole to get out of repair, there could be no recovery in the case, unless it was made to appear not only that the trolley

pole was out of repair and that defect was the proximate cause of the accident, but that the defendant knew, or ought in the use of ordinary care to have known of its defective condition. Since it was necessary to prove this, it was also necessary to allege it.

This was expressly held in *N. & W. R. Co.* v. *Jackson's Admr., supra,* in passing upon the declaration in that case. One of the objections made to the first count in the declaration in that case and sustained by the court was, that it did not aver that the alleged defects in the push pole were known to the defendant, or ought to have been known to it.

In *Va. Portland Cement Co.* v. *Luck, supra,* in passing upon the demurrer to the declaration, while not expressly stated, it is clearly implied, that where the breach of duty relied on for a recovery is the failure to keep the premises in reasonably safe repair the declaration must aver, either that the defendant had notice of the unsafe condition of the premises, or set out facts from which it was necessarily to be inferred that the company was aware of the unsafe condition of its premises. See pp. 434-5.

Neither is it expressly averred that the defect in the trolley pole was the cause of the plaintiff's injuries; nor can this necessarily be inferred from the facts stated.

Every allegation of fact in the declaration may be true and yet the defendant may not be liable to the plaintiff for the injuries suffered by him. Where that is the case, the declaration is clearly bad.

We are of opinion, therefore, that the court erred in overruling the demurrer; that its judgment must be reversed, the verdict set aside, the demurrer to the amended declaration sustained, and the cause remanded with leave to the plaintiff to amend his declaration, if he be so advised, and for further proceedings not in conflict with the views expressed in this opinion.

*Reversed.*