Statement.

## Richmond

## PENN FOUNDRY & MANUFACTURING CO. V. PROBST.

### November 21, 1912.

1. PLEADING — *Declaration — Sufficiency—Personal   Injury—Defective Machinery.*—In an action to recover damages for an injury inflicted by defective machinery a declaration is sufficient which describes the defects with sufficient certainty and particularity to inform the defendant of the alleged cause of action which he is called upon to answer.

2. PLEADING—*Declaration—Sufficiency—Assumption of Risk.*—Assumption of risk is a matter of defense which a plaintiff is not called on to negative either by his pleadings or evidence.

3. MASTER AND SERVANT—*Defective Machinery—Knowledge of Master.* There is an obvious distinction to be observed between the knowledge required of the master with respect to machinery and appliances which are defective at the time the servant is first required to use them, and such as become unsafe during the progress of the work. It is the positive unassignable duty of the master, in the first instance, to exercise ordinary care to furnish the servant with reasonably safe instrumentalities with which to do his work, and when the allegation of that duty is followed by an averment of the negligent breach thereof, knowledge is necessarily imputable to the master. In other words, negligent ignorance is equivalent to knowledge.

4. MASTER AND SERVANT—*Defective Machinery—Knowledge of Master.* The master is not entitled to time to discover defects in things which are defective when put in use. He should examine them before putting them in use.

5. MASTER AND SERVANT—*Defective Machinery—Notice to Master— Burden of Proof.*—If appliances furnished by the master are shown to have been originally defective and unsafe, the burden does not rest on an employee, when injured by such defect, to produce further evidence that the master had notice thereof.

Error to a judgment of the Circuit Court of Augusta county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*D. Lawrence Groner,* for the plaintiff in error.

*Timberlake & Nelson* and *Charles* and *Duncan Curry,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This writ of error brings under review a judgment in behalf of the defendant in error, Probst, against the plaintiff in error, the Penn Foundry and Manufacturing Company, in an action to recover damages for personal injuries.

There was a demurrer to the declaration, which the court overruled, and that ruling constitutes the principal assignment of error relied on to reverse the judgment.

The declaration contains but one count and, after stating that the defendant was operating a manufacturing plant for the manufacture of saws and other tools, implements and machinery, and the employment of the plaintiff by the defendant to work in the plant, avers in substance as follows: That it was the duty of the defendant to use due and proper care to furnish the plaintiff with reasonably sound and suitable machinery, tools and appliances with which to perform his work, and also to exercise ordinary care to maintain and keep the machinery, tools and appliances with which he was required to work in reasonably safe condition; that not regarding its duty as aforesaid, the defendant, on a day named, negligently and carelessly failed and refused to use due and proper care to furnish the plaintiff with machinery, tools and appliances with which he could, with reasonable safety, perform his duties as servant of the defendant, in this, that the defendant did negligently and carelessly furnish and require

the plaintiff to use a planing machine which had a dull, dangerous, insecure and improper set of knives, and the table or top thereof, in which the knives revolved, was not properly arranged and adjusted; that the defendant ordered the plaintiff to put the planing machine in motion and plane certain pieces of wood, and while the plaintiff was performing the work assigned to him, and without fault on his part, but because of the improper and dangerous condition of the machine, his left hand was jerked into, or caught and thrown against the knives of the planing machine, and the first, second and third fingers of his hand were cut off, and the index finger was badly injured.

The grounds of demurrer are:

1. That "the declaration is so vague and indefinite as to make it impossible * * * to ascertain * * * the nature of the defect complained of, or how the same caused or contributed to the accident."

2. "The declaration alleges that the defendant furnished plaintiff a dull, dangerous, insecure and improper set of knives, without alleging in what way they were dangerous, or how that fact caused the injury to occur."

3. "The declaration says the table or top, in which the set of knives revolved, was 'not properly arranged and adjusted,' without saying in what respect they were improperly adjusted and arranged * * * "

4. "The declaration shows that plaintiff assumed all risk from such defects as are alleged, and that the same were open and obvious, and it fails to show that the defendant knew of same."

The first three grounds of demurrer question the sufficiency of the averments to apprise the defendant of the nature of the defects complained of, or in what respect the machinery was dangerous, or the causal connection between the defective appliances and the injury.

The foregoing defects are described with sufficient cer-

tainty and particularity to inform the defendant of the alleged cause of action which it is called upon to answer, and that, under our practice, is sufficient.

In *Hortenstein* v. *Va. Carolina Ry. Co.,* 102 Va. 914, 47 S. E. 996, it was held that "The object of a declaration is to apprise the adverse party of the ground of complaint, and in actions of tort the declaration must state sufficient facts to enable the court to say, upon demurrer, whether, if the facts stated are proved, the plaintiff is entitled to recover."

In *Virginia, &c., Wheel Co.* v. *Harris,* 103 Va. 708, 49 S. E. 991, an analogous case to the one in judgment, an averment that the defendant "did negligently, recklessly and carelessly furnish the plaintiff a machine which had a dangerous, insecure and improper saw-mantle," by reason whereof the injury was inflicted, was held sufficient. *C. & O. Ry. Co.* v. *Hoffman,* 109 Va. 44, 63 S. E. 432; *Virginia Cedar Works* v. *Dalea,* 109 Va. 333, 64 S. E. 41; *Interstate R. Co.* v. *Tyree,* 110 Va. 38, 65 S. E. 500.

4. Under this head it is said: (1) That the declaration shows that the plaintiff assumed all risk from the defects complained of. A sufficient answer to this ground of demurrer is that assumption of risk like contributory negligence is matter of defense which a plaintiff is not called on to negative either by his pleadings or evidence. Labatt on Master & Servant, sec. 305, and *seq.* Moreover, there is no averment in the declaration which shows that the plaintiff knew of the dangerous condition of the machinery, and it is specifically averred that he was without fault in using it.

(2) The remaining ground of demurrer under the fourth head is that the declaration fails to allege that the defendant knew of the defective condition of the machinery. Two Virginia cases are cited to show that this omission is fatal—namely, *N. & W. R. Co.* v. *Jackson's Admr.,* 85 Va. 489, 497, 8 S. E. 370, and *Washington, &c., Ry. Co.* v. *Taylor,* 109 Va. 737, 64 S. E. 975.

In the first-named case, the court points out the following objections to the declaration: "It does not aver that the defendant failed to exercise ordinary care in providing and maintaining suitable and safe machinery and appliances for the business, nor does it aver that the alleged defects in the push-pole were known to the defendant, or ought to have been." The declaration in this case, as has been seen, is not amenable to the first objection, and it avers facts from which knowledge of the defects complained of must be inferred.

The same general principle with respect to the omission to charge knowledge of defects in appliances is announced in the last-named case. Yet Judge Buchanan, at page 740, mentions an important qualification of the rule as follows: "In *Va. Portland Cement Co.* v. *Luck, supra,* in passing upon the demurrer to the declaration, while not expressly stated, it is clearly implied that where the breach of duty relied on for a recovery is the failure to keep the premises in reasonably safe repair, the declaration must aver, either that the defendant had notice of the unsafe condition of the premises, or set out facts from which it was necessarily to be inferred that the company was aware of the unsafe condition of its premises." *Va. Portland Cement Co.* v. *Luck,* 103 Va. 427, 434-5, 49 S. E. 577.

There is an obvious distinction to be observed between the knowledge required of the master with respect to machinery and appliances which are defective at the time the servant is first required to use them, and such as become unsafe during the progress of the work. It is the positive unassignable duty of the master, in the first instance, to exercise ordinary care to furnish the servant with reasonably safe instrumentalities with which to do his work; and when the allegation of that duty is followed by an averment of the negligent breach thereof, knowledge is necessarily imputable to the master. In other words, "negligent

ignorance is equivalent to knowledge." 26 Cyc. 1142; 1 La-batt on Master & Servant, sec. 125.

"The master is not entitled to time to discover defects in things which are defective when put in use. He should examine them before putting them in use." 1 Shear. & Red. on Neg., sec. 194.

"If appliances furnished by the master are shown to have been originally defective and unsafe, the burden does not rest on an employee, when injured by such defect, to produce further evidence that the master had notice thereof." *Idem.*, note 16.

In *Warner* v. *Western N. C. Ry. Co.*, 94 N. C. 250, the court held that the allegation that the machine furnished by the master to the servant was negligently furnished, was equivalent to an averment that the master knew of its dangerous condition when he furnished it.

So, in *Galveston Rope & Twine Co.* v. *Burkett*, 2 Tex. Civ. App. 308, 21 S. W. 958, the court observes: "The petition alleged that the act of employing a servant was done in a careless and negligent manner * * * This was not an abstract allegation that appellant was guilty of negligence, but specification of the act complained of, and charged to have been done in a negligent manner. This we think was sufficient. To have alleged that appellant knew, or could have known, of the incompetency of the employee, would have been only a further definition of the negligence charged against it, and would have been a repe-tition in other language of what was involved in the aver-ment made." See also *Chicago, &c., R. Co.* v. *Hines*, 132 Ill. 161, 23 N. E. 1021, 22 Am. St. Rep. 518; *Union P. Ry. Co.* v. *James* (C. C. A.), 56 Fed. 1001.

The foregoing authorities sufficiently illustrate the gen-eral principle involved in the last ground of demurrer and show that it is not well taken.

The remaining assignments disclose no reversible error, and were not pressed in argument and do not call for special notice. The case, on the merits, is with the defendant in error, and the judgment must be affirmed.

*Affirmed.*