(87 South. 809)

## LEHMAN v. BIRMINGHAM MACHINE & FOUNDRY CO.   (6 Div. 151.)

(Supreme Court of Alabama.   Feb. 3, 1921.)

**1. Master and servant ⬅137(1)—Economical method of work not required.**

A servant injured in lifting and carrying a heavy shafting in obedience to orders cannot predicate negligence on the theory that a crane would have done the work with more speed and economy.

**2. Master and servant ⬅245(4)—Servant injured in lifting held guilty of contributory negligence.**

A servant injured in lifting and carrying a heavy shafting with the help of only one man pursuant to the direction of his superior, *held* guilty of contributory negligence precluding recovery under Employers' Liability Act (Code 1907, § 3910); for, knowing his physical inequality to the task and the danger it involved, he was under no duty to subject himself to the direction of his superior.

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

Action by John F. Lehman against the Birmingham Machine & Foundry Company for damages for personal injury suffered while in its employment. Judgment for defendant, and plaintiff appeals. Affirmed.

Black, Altman & Harris, of Birmingham, for appellant.

A servant is not guilty of contributory negligence in obeying instantly, without time for deliberation, an order of his superior to do an act in an emergency. 67 Ala. 533; 86 Ala. 88, 5 South. 653, 4 L. R. A. 33; 144 Ala. 332, 39 South. 282; 93 Ala. 357, 9 South. 611; 132 Ala. 444, 31 South. 527; 6 Ala. App. 448, 60 South. 475; 198 Ala. 540, 73 South. 909; 29 Cyc. 521. An employee has a right to rely upon the superior knowledge and skill of the master. 141 Ala. 215, 37 South. 412; 167 Mass. 69, 44 N. E. 1071, 48 L. R. A. 542 and 175 Ill. 310, 51 N. E. 645, 48 L. R. A. 753, 67 Am. St. Rep. 214. The court improperly gave the affirmative charge for the defendant. (Tex. Civ. App.) 181 S. W. 238; (Ky.) 113 S. W. 886; (Mo. App.) 208 S. W. 489.

Percy, Benners & Burr, of Birmingham, for appellee.

The court properly directed a verdict for the defendant. 192 Ala. 651, 68 South. 1008; 133 Ala. 606, 32 South. 232; 171 Ala. 212, 55 South. 139; 164 Ala. 57, 51 South. 145; 97 Ala. 220, 12 South. 36; 123 La. 206, 48 South. 890; 218 Ill. 327, 75 N. E. 900; 46 Atl. 1049; 153 Ind. 354, 55 N. E. 88; 164 Ala. 131, 51 South. 377; 161 Ala. 435, 49 South. 867; 124 Ala. 656, 26 South. 531; 99 Ga. 283, 25 S. E. 646; 108 Minn. 199, 121 N. W. 903, 25 L. R. A. (N. S.) 362, 17 Ann. Cas. 240.

SAYRE, J. Appellant sued appellee under the third subdivision of the Employers' Liability Act, section 3910 of the Code, alleging that appellee's employé Adams, to whose orders or directions appellant was bound to conform and did conform, had negligently ordered appellant "not to use a crane, but to lift a piece of shafting of heavy iron or steel." In several pleas of contributory negligence appellee alleged, to state its

pleas in short, that appellant, knowing the shaft was too heavy for two men to lift and that it was dangerous for him to attempt to lift it with the help of only one man, negligently did so. The general issue was also pleaded.

Stated with utmost favor to appellant, the evidence was that Adams directed appellant to get a negro and move a piece of steel shafting—which weighed, according to appellant's highest estimate, about 240 pounds —to a point 125 to 150 feet away. Appellant summoned his help, and between them they moved the shaft according to directions. Appellant testified:

"When I started to let it down, I felt a pain strike me here, and I heard it" (inwardly; as he explained) "tear like an old rotten rag or something, tearing inside, and I knew I was hurt."

When he went to his medical man on a subsequent day, his trouble was pronounced to be hernia. An electric crane, affording a cheaper and speedier means of transportation, was at the time available for the movement of the shaft. Appellant, who was a stout man of 43 years, of long experience in the work for which he was employed, and with whom there "wasn't anything in the world the matter," had assisted in moving the shaft by hand a few days before. For the rest we may quote appellant's language:

"I knew how much I was able to lift. Really I did not think. If I had thought, I would not have done it. I picked it up on the spur of the moment. Everything was busy around there and seemed to be in a hurry. If I had thought a moment, I would certainly have gotten the crane."

And in his deposition, taken under the statute and put in evidence by appellee, appellant testified:

"I knew it was too heavy to lift at the time I was ordered to lift it. I did not make any objections to Mr. Adams or to any other of my superiors that the iron was too heavy for me to lift. I asked to be allowed to use the crane, * * * but Mr. Adams told me not to stop the crane for that, but to get a negro man and carry it myself, although the craneman was not busy at the time."

These statements and these excerpts from the bill of exceptions will serve to show the nature of the case.

The trial court, on appellee's request in due form, gave the general charge with hypothesis, and that ruling alone is assigned for error.

[1] Appellant's fourth proposition seems to assert that if the crane afforded a cheaper and speedier means of transportation, negligence may on that account be predicated of the order under which he was acting. But appellant had no legal right to be concerned about the economy or speed of appellee's operations. Appellee's only duty to appellant was to duly conserve his safety, and whether appellee did so, and whether appellant exercised due care for himself, are the only questions presented by the law and facts of this case.

[2] We conceive that it can hardly be said that appellee's superintendent was guilty of culpable negligence in ordering appellant to move the shaft by manual strength, and without the crane, in the circumstances which have been stated, and, certainly, we think, even if there was negligence in the order, appellant, knowing his physical inequality to the task and the danger it involved, was under no duty to subject himself to it at the command of his superior, and his doing so evidenced such want of due care for his own safety—such negligence contributing to his own hurt—as to constitute a full defense against the superintendent's alleged negligence, and hence that appellee was entitled to the general affirmative instruction. Coosa Manufacturing Co. v. Williams, 133 Ala. 606, 32 South. 232; Ritch v. Kilby Frog & Switch Co., 164 Ala. 131, 51 South. 377. In Briggs v. T. C. I. Co., 163 Ala. 237, 50 South. 1025, overruled in L. & N. v. Handley, 174 Ala. 593, 56 South. 539, the pleas under consideration were pleas of assumption of risk, which the court held must in cases of this character be discriminated from pleas of contributory negligence.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.