(94 South. 311)

## ALABAMA FUEL & IRON CO. v. DENSON.
### (7 Div. 204.)

(Supreme Court of Alabama. Oct. 26, 1922.)

**1. Statutes 226—Presumption of adoption of statute of other state with prior construction not conclusive.**

Presumption that the adoption of a statute of another state was with the construction there previously given is not conclusive, but persuasive only.

**2. Statutes 226—Statute adopted from other state to be read with other law of adopting state.**

Relative to construction of a statute adopted from another state, though after it had there been construed, it must be read in pari materia with the other provisions of the law of the adopting state.

**3. Attorney and client 183—Attorney's lien on suit attaches from filing of complaint.**

Lien of attorney on a suit given by Code 1907, § 3011, attaches on the filing of the client's complaint, though service of summons has not been perfected; such filing being under sections 3092, 4853, commencement of the suit.

**4. Pleading 34(5)—Allegation of "full knowledge" held nothing more than allegation of "knowledge."**

Allegation of attorney's petition for intervention, in suit by client, for purpose of enforcing attorney's lien, that defendant with "full knowledge" of pendency of the suit settled it with plaintiff without satisfying intervener's lien, held to mean nothing more than an allegation of "knowledge."

[Ed. Note.—For other definitions, see Words and Phrases, First Series, Full Knowledge; First and Second Series, Knowledge.]

**5. Attorney and client 189—Attorney's lien on suit unaffected by defendant settling with plaintiff without knowledge of filing of complaint.**

The lien given an attorney on a suit by Code 1907, § 3011, is not affected by settlement with attorney's client, the plaintiff, by defendant without knowledge of pendency of the suit.

**6. Pleading 371—Matter may be made material by joinder of issue thereon.**

A matter otherwise immaterial may be made material, requiring proof to avoid variance, by it being made an issue by the pleadings; parties having the right to try their causes on issues of their own selection, in accordance with which judgment must be pronounced.

**7. Pleading 389—Substantial conformity of proof to pleadings enough.**

To avoid variance, nothing more than substantial conformity of proof to pleadings is required.

**8. Attorney and client 190(4)—Proof held to substantially conform to allegation of knowledge of pendency of suit.**

Even if allegation of attorney's petition for intervention for enforcement of attorney's lien on the suit—that defendant with knowledge of pendency of the suit settled it with plaintiff, without satisfying the attorney's lien—be material, notwithstanding prior statement of facts authorizing the attorney to further prosecute the suit despite the settlement, there is substantial conformity of proof thereto, by showing, not actual knowledge, but such knowledge as could be imputed by reason of the actual knowledge of facts which would have led an ordinary person to knowledge; the legal effect being the same in either case.

**9. Master and servant 258(20)—Master's duty to exercise care in selection of competent miners held shown by complaint.**

Complaint, in action for death of employee of defendant coal mine operator, by allegation that deceased was killed by an explosion in defendant's mine while in its employ and engaged in the active performance of his duties, held to sufficiently show defendant's duty to exercise reasonable care in the selection of competent miners in order to conserve the safety of deceased.

**10. Master and servant 258(20)—Complaint need not allege master's knowledge of incompetency of servants.**

Complaint for employee's death based on employer's negligent employment of incompetent servants need not allege the master knew or could have known of their incompetency.

**11. Master and servant 258(9)—Allegation of proximate causal connection, without stating quo modo, enough.**

It is enough for complaint for death of employee to allege the proximate causal connection between the employment of incompetent miners and such death, without stating the quo modo.

**12. Attorney and client 190(2)—Proceeding to enforce attorney's lien continuance of settled suit for attorney's benefit.**

Proceeding, by intervention of plaintiff's attorney in suit settled by parties, to enforce his lien thereon, given by Code 1907, § 3011, amounts to a continuation of the original suit for the attorney's benefit, and his petition for intervention becomes in substance a part of the complaint, and any essential allegation of either, if questioned, must be proved by him.

**13. Death 31(3)—Action by father as administrator of deceased minor held a declination to sue as father.**

Bringing of action by a father as administrator for death of his minor son within six months of the death constitutes a declination to sue as father within Code, § 2485, giving administrator right to sue only in case the parent declines to bring action, or fails to do so within six months from the death.

**14. Attorney and client 190(4)—On intervention by attorney to enforce lien after settlement of suit by parties, damages to be estimated as if not settled.**

On intervention by plaintiff's attorney to enforce his lien on the suit given by Code 1907, § 3011, after the parties had made settlement, the damages are to be estimated as though there had been no settlement.

**15. Attorney and client ⊛190(1)—Attorney's right to enforce lien on suit unaffected by any subsequent champertous contract.**

Right of plaintiff's attorney to enforce his lien under Code 1907, § 3011, on the suit after it had been settled by the parties, is unaffected by any champerty in contract between plaintiff and the attorney after the settlement whereby they should divide whatever sum the attorney should recover in proceeding to enforce his lien; this not being the contract out of which the lien arose.

**16. Evidence ⊛158(13)—Attorney's testimony not best evidence of purport of plea considered at former trial.**

The record is the best evidence of purport of a plea considered on the former trial, so that attorney's testimony as to such purport is objectionable.

**17. Master and servant ⊛270(1)—Evidence of comparative cost admissible on issue of negligent failure to provide ventilation in mine.**

As bearing on the charge of negligent failure to provide ample means of ventilation in defendant's coal mine, in which its employee, plaintiff's intestate, was killed by an explosion, and for the purpose of showing a reason or motive which may have influenced defendant to fail to pierce sufficient passages for ventilation at a point where they would have to go through rock, question to plaintiff's witness as to the comparative cost of going through rock and coal was permissible.

**18. Appeal and error ⊛1050(2)—Admission of immaterial evidence held harmless.**

It being immaterial, to the right of plaintiff's attorney to enforce his lien on the suit after its settlement by the parties, whether defendant was informed before or at the time of the settlement that the attorney had been employed to represent plaintiff, allowing the attorney to testify on that question was harmless.

Appeal from Circuit Court, Shelby County; A. B. Foster, Judge.

Action for damages by James W. Perkins, administrator of Kendral L. Perkins, deceased, against the Alabama Fuel & Iron Company; W. A. Denson, intervening. From a judgment for intervener, defendant appeals. Affirmed.

Assignments of error 27 and 28 are as follows:

27. The court erred in overruling defendant's objection to the following question asked the witness Denson: "Do you know whether or not the defendant was informed, before it made the settlement, whether or not it was informed you had been employed to represent Mr. Perkins?"

28. The court erred in overruling defendant's objection to the following question asked the witness Denson: "State whether or not it was informed when it made settlement, and prior to that time you represented Mr. Perkins and had a contract with him for that purpose."

Percy, Benners & Burr, of Birmingham, for appellant.

Where a statute is taken from another state, it is adopted with the construction that has been placed upon it by the appellate courts of that state. 25 R. C. L. § 294; 203 Ala. 280, 82 South. 530; 186 Ala. 118, 65 South. 61. A party assuming by his complaint the proof of more than was necessary must meet the burden of such assumption in his proof in order to sustain his complaint. 192 Ala. 576, 69 South. 8; 137 Ala. 631, 34 South. 855; 89 Ala. 262, 7 South. 115; 62 South. 706; 75 Ala. 136; 203 Ala. 339, 83 South. 63. A charge of knowledge is not sustained by proof of notice. 81 Ala. 140, 1 South. 773; 135 Ala. 571, 33 South. 687; 161 Ala. 441, 49 South. 916; 161 Ala. 397, 49 South. 860; 200 Ala. 337, 76 South. 103; 107 Ga. 565, 33 S. E. 802; (Tenn. Ch.) 38 S. W. 733. Where an attorney's contract is for half of amount recovered, and where suit by such attorney is settled by his client without his consent, the measure of the attorney's recovery is half of the amount of such settlement. 2 R. C. L. § 134; 131 Ky. 207, 114 S. W. 1197, 22 L. R. A. (N. S.) 776, 18 Ann. Cas. 1115; 160 Cal. 106, 116 Pac. 561; 63 Colo. 333, 166 Pac. 561, 2 A. L. R. 449; 3 A. L. R. 473, and cases cited. An attorney cannot intervene to establish a lien for his services on a suit, where his contract is champertous. 205 Ala. 148, 87 South. 612; 11 C. J. 249. A negligence count must show a duty owed by defendant to plaintiff, a breach of this duty, and proximate injury to plaintiff. 171 Ala. 251, 55 South. 170; 159 Ala. 165, 49 South. 305.

Brown & Denson, of Birmingham, and Longshore, Koenig & Longshore, of Columbiana, for appellee.

Filing, followed by service, creates a pending suit from the date of filing. 151 Ga. 9, 105 S. E. 596; 25 R. C. L. 1073; 205 Ala. 129, 87 South. 161. The allegation as to knowledge includes not only actual, but constructive, knowledge. 12 Ind. App. 497, 40 N. E. 702; 81 Ala. 146, 1 South. 773; 203 Ala. 69, 82 South. 28; 204 Ala. 103, 85 South. 413; 172 Ala. 673, 55 South. 190; 84 Okl. 184, 201 Pac. 984. It is never necessary to plead that which sufficiently appears from what is already alleged. 154 Ala. 622, 45 South. 898. The term "negligently," as used in count 5, imports the essential obligation that the master knew, or did not observe and exercise reasonable diligence to discover, the incompetency or unfitness of the servant. 190 Ala. 65, 66 South. 805; 159 Ala. 168, 49 South. 305; 172 Ala. 503, 55 South. 611; 161 Ala. 417, 49 South. 859; 149 Ala. 460, 42 South. 824, 9 L. R. A. (N. S.) 338. On the trial of an intervention by the attorney enforcing his lien, liability vel non and the amount thereof

will be determined, as it would have been in the prosecution of the original suit. 198 Ala. 395, 73 South. 525; 87 Ala. 613, 6 South. 413; 58 Ga. 132; 56 Ga. 279; 36 Ga. 629; 39 Ga. 310, 99 Am. Dec. 458; 2 A. L. R. 338. The record was the best evidence of what pleas were filed on the former trial of the cause. 182 Ala. 628, 62 South. 176, 46 L. R. A. (N. S.) 274; 22 C. J. 1004. Impeachment of a witness' testimony cannot be based upon immaterial matter. 146 Ala. 332, 39 South. 756; 148 Ala. 145, 41 South. 870.

SAYRE, J. Appellee, proceeding to enforce the lien vested in attorneys at law by section 3011 of the Code of 1907, filed his intervention and recovered judgment against appellant. The facts necessary to an understanding of the case are sufficiently stated in the report of a former appeal. Denson v. Alabama Fuel & Iron Co., 198 Ala. 383, 73 South. 525.

[1-3] Appellant now renews its contention that, in the absence of actual knowledge on the part of the defendant, the filing of a complaint does not vest in the attorney a lien upon the "suit" unless and until service of summons has been perfected and so the lis pendens established. This contention is based upon the fact that the section in question is a literal reproduction of the statute of Georgia (Fuller v. Lanett Bleaching Co., 186 Ala. 118, 65 South. 61) which, before its adoption here, had been construed in the state of its nativity as intending that to confer a lien upon a suit there must be a suit pending, as distinguished from a suit merely commenced by the filing of complaint, and that a suit is not pending until service of summons has been had upon defendant. The lis pendens doctrine is well stated in Bridger v. Exchange Bank, 126 Ga. 826, 56 S. E. 97, 8 L. R. A. (N. S.) 463, 115 Am. St. Rep. 118. For a statement of its application in Georgia to cases arising under the parent statute, in connection with provisions similar to sections 4853 and 3092 of the Alabama Code, see McClendon v. Hernando Phosphate Co., 100 Ga. 219, 28 S. E. 152; Florida Central v. Ragan, 104 Ga. 353, 30 S. E. 746; and Branch v. Bank, 50 Ga. 416. But the doctrine of presumed adoption is by no means conclusive, but persuasive only; the statute adopted must be read in pari materia with other provisions of the local law—in this case section 4853 of the Code—and this court, so considering the question now at issue, held that the lien of an attorney upon a "suit" attaches upon the filing of the complaint, thus in effect, as we now understand, holding that the lien attaches to the plaintiff's right of action whenever asserted in the way of a suit commenced by complaint properly filed. From this view of the meaning and purpose of the statute, deliberately adopted, the court is unwilling now to depart.

[4-8] Appellee's petition for intervention alleged that defendant, with full knowledge —meaning, as we conceive, nothing more than knowledge—of the pendency of plaintiff's suit, settled said suit with plaintiff without satisfying appellee's lien, and upon this allegation, in connection with evidence tending to show that defendant settled with plaintiff after suit commenced by complaint filed, but without actual knowledge of that fact and before the service of summons, is founded the argument for error in the court's refusal to instruct the jury, in substance, that if the facts were found in agreement with the tendency of defendant's evidence appellee was not entitled to recover. Touching this subject, the court also charged the jury that if defendant had actual knowledge of facts which ought to have stimulated inquiry which, if pursued, would have led to actual knowledge of the filing of the suit, then "that would have been knowledge or notice of the filing of the suit within the meaning of the law and the allegations of the petition." It will be observed, of course, that, according to the law of the decisions heretofore made, the proof being without dispute that the settlement between plaintiff and defendant had been made after the filing of plaintiff's complaint, defendant's actual knowledge of the filing of the complaint, or the lack thereof, was, as matter of uncomplicated law, quite immaterial, and the court's instruction with reference thereto a harmless abstraction. But parties have the right to try their causes upon issues of their own selection, and judgment must be pronounced in accordance with the issues so made between the parties. Glass v. Meyer, 124 Ala. 334, 26 South. 890. Appellant's insistence therefore is that, intervener having alleged that defendant had knowledge—or full knowledge—of the fact that he had brought suit for plaintiff, intervener thereby assumed the burden of proving defendant's actual knowledge, without which proof intervener could not prevail. The purpose of the rule requiring correspondence between pleading and proof is well understood; it is that the adversary party may be advised of what he will be called upon to answer and to preserve a record as a protection against another suit involving the same rights. Bowie v. Foster, Minor, 264. But nothing more than substantial conformity is required. Atlantic Coast Line v. Dahlberg Brokerage Co., 170 Ala. 623, 54 South. 168. We would not overlook the difference between actual and imputed knowledge or notice. For some purposes the difference is important. But here, it will be noted, the averment is not of actual knowledge, but of full knowledge, meaning, as we have said, merely knowledge. Conceding for the argument the materiality of the averment notwithstanding appellee had already stated facts which authorized him to further prosecute the suit despite

the settlement, our judgment is that in the circumstances here shown all the purposes of the rule of conformity were served by the allegation of knowledge. Johnson v. Gebhauer, 159 Ind. 271, 64 N. E. 855. Assuming the pendency of a proper controversy as to whether defendant had actual knowledge of plaintiff's suit or only such knowledge as could be imputed by reason of the actual knowledge of facts which would have led an ordinarily prudent person to knowledge, the legal effect was the same in either case.

[9, 10] There was no error in the action of the court overruling appellant's demurrer to count 5 of the complaint. The main argument against this count is that its allegations fail to show defendant's duty to conserve the safety of plaintiff's intestate. Pennsylvania Coal · Co. v. Bowen, 159 Ala. 165, 49 South. 305, is cited. The duty of the defendant to exercise reasonable care in the selection of competent miners in order to conserve the safety of plaintiff's intestate is, we think, sufficiently shown by the allegations of this count to the effect that said intestate was killed by an explosion in defendant's mine while in the employment of this defendant and engaged in the active performance of the duties of said employment. From this relation and the circumstances alleged the law infers the duty. It is true that, to recover against the employer on account of the employment of incompetent servants, it is necessary to prove that the master knew the incompetency of the servant, or by the exercise of reasonable diligence could have ascertained that fact, as the opinion in Pennsylvania Coal Co. v. Bowen, supra, states; but the statement is of the burden of proof. So far as concerns the matter of allegation, the case referred to—the original record of which has been examined—seems to be an authority sustaining the ruling of the trial court in this cause. The text of 26 Cyc. 1393, 1394—evidently the text to which the court referred with approval in Pennsylvania Coal Co. v. Bowen, supra, as in accord with the general trend of our decisions—is as follows:

"But an allegation that the act of employing a servant was done in a negligent manner, and that in consequence thereof an incompetent servant was taken into defendant's service, has been held a sufficient specification of negligence in employing an incompetent servant, without alleging that defendant knew, or could have known, of his incompetency"—citing Galveston Rope & Twine Co. v. Burkett, 2 Tex. Civ. App. 308, 21 S. W. 958.

Hence our judgment on this point.

[11] As for the second objection taken to this count, viz., that it fails to show proximate causal connection between the employment of incompetent miners and intestate's death, the sufficient answer is furnished by the categorical language of the count and the rule of this court by which more general allegations of such connection, without stating the quo modo, are held sufficient. Pennsylvania Coal Co. v. Bowen, supra.

[12, 13] Demurrer was sustained to plea 20, and that ruling is assigned for error. The substance of this plea is that the father of intestate, a minor at the time of his injury and death, had within six months of intestate's death settled with defendant his claim on that account. The proceeding authorized by section 3011 of the Code amounts to a continuation of the original suit for the benefit of plaintiff's attorney. The petition for intervention becomes in substance a part of the complaint. If the attorney's right to proceed is denied, it must be proved as every other essential allegation of the complaint. The plea under consideration is addressed in terms to the complaint and each count thereof, severally and separately, and to the petition for intervention, though the judgment entry appears to deal with it as addressed to the petition only. If the plea was a sufficient answer to either or any of the pleadings to which it was addressed, the demurrer should have been overruled. The grounds of demurrer do not appear of record; but the ground now insisted upon, and so the only ground we now consider, comes to this, in substance: That since according to section 2485 of the Code the father has the prior right to sue for the wrongful death of his minor child, and the administrator has the right to sue in the event only the father —or the mother in the cases specified in section 2485—declines or fails to sue within six months from the death of the minor, the father had a right to settle and the administrator had no right within six months (as was the case here) to proceed, the further provision of the statute being that a recovery by any person authorized to sue shall constitute a bar to another action. But the administrator was the father of deceased, as the complaint, the petition for intervention, and the plea sufficiently disclose. The question so raised, then, is whether the father, by bringing his suit as administrator within six months of the death of intestate, has waived the right to sue as father merely, or, to state the proposition in terms of the statute, has declined to sue as father. It seems altogether reasonable to hold, and accordingly the court does hold, that the suit brought by the father as administrator constituted a declination, a waiver, of his right to sue as father.

[14] The next question presented by the brief relates to the measure of damages in a case of this character. On the former appeal it was held that—

"Liability vel non and the amount thereof will be determined as it would have been determined in the prosecution of the original suit."

The contention for appellant is that the parties to the original suit had a right to settle, and that the attorney's lien must be estimated with reference to the amount realized by plaintiff in such settlement. Many adjudicated cases are cited in the brief as being to that effect. But the cases cited nor the argument on behalf of appellant take account of the statute, section 3011 of the Code, the effect of which, as in effect we decided on the former appeal, is to confer upon the attorney a lien upon plaintiff's right of action as it exists at the time suit is brought, meaning, necessarily in the absence of contract to a different effect, that the value of the interest thus conferred upon the attorney is to be estimated as of the time the lien attaches. It is to be freely conceded that this statute is an anomaly, that in general a right of action for a personal tort is not property in the sense that any one but the injured can have a right in it, and therefore is not the proper subject of a lien as liens are usually defined; but the question here relates to the proper interpretation of the statute and the constitutional authority of the Legislature in its enactment—both questions decided on the former appeal, upon consideration of what argument we are not now advised—and no sufficient reason has been assigned, nor has any occurred to us, why the interpretation then adopted should be renounced or the legislative power then conceded should be denied. It can in principle no more be denied than the legislative power to create the right of recovery in the parents or administrator of the person injured, and that right has never been denied. Similiar conclusions have been reached in Georgia. See 3 Am. & Eng. Encyc. 470, where the Georgia cases are collected.

[15] The assignments of error now revert to the rulings on the pleas. It is urged that the court erred in sustaining demurrers to pleas 22, 23, 24, and 25. These pleas allege in substance that intervener's contract of employment entered into with original plaintiff was champertous and therefore should not be enforced; this for the reason that, after appellant had settled the original right of action with plaintiff, they agreed that original plaintiff should have one-half of whatever sum intervener should recover as an attorney's fee or in the prosecution of his attorney's lien, etc. Let it be conceded that the contract alleged in the pleas was champertous (11 C. J. 249); that is not the contract out of which the lien arose, and cannot affect the cause of action appellee is seeking to enforce, though it may have affected the credibility of plaintiff's evidence.

[16] The court committed no error in sustaining an objection to the question, addressed to the plaintiff-attorney Denson testifying in his own behalf—seeking to show the purport of a plea considered at the former trial. The testimony sought was incompetent; the record afforded better evidence; the objection to its competency was properly sustained.

[17] There was no reversible error in allowing the question to plaintiff's witness Roberts whether it cost more to go through rock or to go through coal. The purpose of the question was to show a reason or motive which may have influenced defendant to fail in piercing sufficient passages for ventilation at a point where such passages would have needed to go through rock; one charge against defendant being that defendant negligently failed to provide ample means of ventilation in its mine. Perhaps the court knows as matter of common knowledge that this question would properly be answered as the witness answered it. But whether so or not, the court holds there was no reversible error. The permissible purpose of the question has been indicated in our statement of the assignment. Lehman v. Birmingham Machine Co., 205 Ala. 295, 87 South. 809, is cited by appellant. The question there was different. Appellant's proposition was that defendant might be convicted of negligence in failing to care for appellant's safety for the reason, not that defendant negligently conducted the operation in the course of which appellant was injured, but because there was a quicker way to do the thing. The ruling against that proposition is not an authority in the case here presented.

[18] Assignments of error 27 and 28, as reasons for reversal, have been answered by rulings heretofore and herein noted. The matter inquired about was immaterial, not calculated to prejudice the defendant's case, and does not suffice to show good grounds for the affirmation of reversible error.

We have thus examined the errors assigned and argued without finding proper cause of reversal.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.